PER CURIAM.
This is an appeal by the defendant Jeffrey Summerall from a final order revoking the defendant’s probation. We reverse.
The testimony at the probation revocation hearing was received over the course of three days from December 19, 1988 to January 12, 1989; the defendant was present with counsel during each of these proceedings. On January 13, 1989, the trial court heard argument of counsel, found the defendant in violation of his probation, and signed sentencing orders imposing a total of nine years imprisonment; the defendant, who was in the county jail during all of the proceedings below, was not brought to court for this hearing, but was represented by counsel. Thereafter, on March 30, 1989, a further hearing was conducted, with the defendant and his counsel present, at which the trial court orally announced the sentence which was previously filed on January 13, 1989.
We conclude that the defendant was denied his constitutional right to be present in court during a critical stage of the proceedings below, namely, the January 13, 1989 hearing at which the trial court (a) heard argument of counsel on whether the subject probation should be revoked, (b) found the defendant in violation of probation, and (c) signed sentencing orders imposing a total of nine years imprisonment. Without question, the pronouncement of a verdict and sentence in a criminal trial or probation revocation hearing is a critical stage of the proceedings at which the defendant is entitled to be present, absent a voluntary waiver of same by the defendant. See Francis v. State, 413 So.2d 1175 (Fla.1982); Quaterman v. State, 506 So.2d 50, 52 (Fla. 2d DCA 1987), approved, 527 So.2d 1380 (Fla.1988); Fla. R.Crim.P. 3.180(a)(8), (9). Contrary to the state’s argument, we find no such waiver in this case. Indeed, the defendant had filed a pro se motion prior to the probation revocation hearing in which he requested permission to be present at all critical stages of his probation revocation hearing and that his presence not be waived “without the written or verbal consent of the Defendant in open court.” Defense counsel expressly accepted this motion and the trial court granted it. Without dispute, the defendant at no time gave his written or verbal consent to be absent from the January 13, 1989 hearing, and thus no waiver of his constitutional right to be present at such hearing is shown on this record. See Amazon v. State, 487 So.2d 8 (Fla.), cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986); Howard v. State, 484 So.2d 1319 (Fla. 3d DCA), rev. denied, 492 So.2d 1332 (Fla.1986).
The remaining points on appeal are moot in view of the above. The final order under review is reversed and the cause is remanded to the trial court with directions to rehear the final argument of the parties with the defendant present and thereafter to render a decision on the merits of the violation of probation charge.
Reversed and remanded.