PER CURIAM.
Harold Hodas, the appellant, was convicted of grand theft of a jewelry store. The trial court ordered Hodas to pay restitution in an amount to be determined. Because Hodas disputed the amounts which the jewelry store contended had been stolen, a restitution hearing was scheduled to take place. When the case was initially called for hearing an assistant public defender, who was standing in for the counsel who had represented Hodas throughout all earlier proceedings, indicated that he would need a few minutes to look over the file. The case was later recalled, but apparently took place without the presence of Hodas’ counsel. Restitution is a part of sentencing, D.T. v. State, 477 So.2d 1086 (Fla. 4th DCA 1985), and the assistance of counsel is required at this critical stage of the criminal proceedings. Bowman v. State, 550 So.2d 544 (Fla. 4th DCA 1989); and Brown v. State, 479 So.2d 152 (Fla. 5th DCA 1985). In any event, the record fails to affirmatively show that the trial court offered Hodas assistance of counsel. We therefore *22 reverse the order of restitution and remand for a new hearing wherein Hodas will be afforded counsel. We find no merit to the other points which the appellant raises on appeal.
Reversed and remanded for further consistent proceedings.
LETTS, J., ALDERMAN, JAMES E., Senior Justice, and WALDEN, JAMES H., Senior Judge, concur.