PER CURIAM.
J.B., a juvenile, was convicted of the criminal offenses of theft of an automobile and theft of a golfeart. He appeals an order requiring him to pay restitution to the owners for damages to the two vehicles suffered as a consequence of the theft, and to pay restitution in the amount of lost wages sustained by the victims for the time they spent in attending the restitution hearing. We reverse for the following reasons.
We agree with J.B. that he was entitled to be present at the restitution hearing unless he validly waived that right (See Rule 8.100, Fla.R.Juv.P.), and that even though he did not show up at the scheduled restitution hearing, the state failed to prove an effective waiver of his right to be present. The trial court’s conversation with an “unidentified speaker” (even though it appeared the speaker was J.B.’s mother) was not sworn evidence and did not constitute competent, substantial evidence proving an effective waiver of this right. Further, we note that neither the transcript of the hearing nor the restitution order contains any finding of waiver by the trial court.
We also agree with J.B. that it was error to order restitution for lost wages attributable to the victims’ attendance as wit *809 nesses at the restitution hearing. “[A] substantial limitation on restitution in juvenile cases is the element of causation.” K.M.C. v. State, 485 So.2d 1296, 1297 (Fla. 1st DCA), rev. denied, 492 So.2d 1335 (Fla.1986). In that respect, it is necessary that “the damage bear a significant relationship to the convicted offense.” J.S.H. v. State, 472 So.2d 737, 738 (Fla.1985). These maxims, taken in conjunction with the strict construction that must be given the juvenile restitution statute and the lack of any specific reference in the statute to lost wages, lead us to conclude that the award of restitution for lost wages was not authorized by law because these lost wages were not causally related to the commission of the crime but resulted from the witnesses’ attendance at the hearing. The state cites no authority for including as costs the wages lost by a witness.
The order of restitution is reversed and the cause is remanded for further proceedings on the matter of restitution consistent with this opinion.
REVERSED AND REMANDED.
ZEHMER, C.J., and DAVIS, J., concur.
BOOTH, J., dissents with opinion.