WHATLEY, Judge.
The appellant, Cornelius Antonio Green, pled guilty to grand theft of a motor vehicle, burglary of a dwelling, and battery. Green contests the amount of restitution ordered by the trial court. He raises several issues on appeal. We find merit only in his contention that it was error to impose restitution for the *959 grand theft where the only evidence presented on the amount of damages was hearsay testimony.
At the restitution hearing, the victim testified that he was telephoned by the company that towed the stolen vehicle from a location in Ft. Lauderdale, where Green admitted leaving it. The towing company informed the victim that it had a repair shop look at the vehicle, and the repair shop estimated the vehicle’s damage to be $4,000. The victim told the towing company to keep the car in exchange for the towing charge. The victim acknowledged that he had no receipts indicating the cost to repair the car, that he did not go to Ft. Lauderdale to see if the ear could be driven, and that everything he knew was from what the towing company told him over the phone.
Green was ordered to pay $4,550 restitution on the grand theft charge, which represents the value of the vehicle. It is well established that hearsay may not be the basis for ordering restitution. Boyle v. State, 589 So.2d 1015 (Fla. 2d DCA 1991). Since hearsay was the only evidence presented at the restitution hearing on the amount of damage to the vehicle, the trial court erred in finding the evidence sufficient to justify a restitution award. Therefore, the $4,550 amount cannot be justified, where there is no evidence establishing the amount of vehicle damage.
Accordingly, the portion of the restitution order dealing with the grand theft is reversed and remanded for a new hearing. See Boyle, 589 So.2d 1015.
Affirmed in part and reversed in part.
THREADGILL, A.C.J., and PARKER, J., concur.