WEBSTER, Judge.
In this juvenile delinquency proceeding, appellant contends that the trial court committed reversible error when it ordered him to pay restitution because (1) the order imposing restitution was not entered within 60 days of the date of disposition; (2) appellant was not present at the restitution hearing, and there is nothing to suggest that he waived his right to be present; and (3) the evidence was insufficient to support the amount awarded. Because appellant was not present at the restitution hearing, and the record does not reflect that he waived his right to be present, we reverse.
An order imposing restitution may not be entered more than 60 days after entry of the disposition order. State v. M.C., 666 So.2d 877 (Fla.1995). However, the amount of restitution may be determined more than 60 days after the disposition order has been entered, provided that an order imposing the obligation to pay restitution was timely entered. State v. Sanderson, 625 So.2d 471 (Fla.1993). Our review of the record satisfies us that the obligation to pay restitution, in an amount to be determined, was imposed by the disposition order. Accordingly, there is no merit to appellant’s first argument.
Appellant’s second argument is that the restitution order must be reversed because he was not present at the hearing, and there is nothing in the record to indicate that he waived his right to be present. In J.B. v. State, 646 So.2d 808 (Fla. 1st DCA 1994), we reversed a restitution order because the juvenile had not been present at the hearing, and there was not competent, substantial evidence that he had waived his right to be present. J.B. controls here, and requires that we reverse the restitution order.* On remand, the state may again seek restitution, should it so elect. In light of this disposition, we conclude that it is unnecessary to reach appellant’s argument regarding the sufficien *45 cy of the evidence to support the amount of restitution awarded.
REVERSED and REMANDED, with directions. '
PADOVANO, J., concurs.
LAWRENCE, J., concurs specially with opinion.

 In his special concurrence, Judge Lawrence implies that appellant received notice of the restitution hearing. Our review of the record fails to reveal any competent evidence that appellant received notice, "reasonable” or otherwise; or that he voluntarily absented himself from the hearing. Thus, even if the rule announced in Capuzzo v. State, 596 So.2d 438 (Fla.1992), were to be made applicable to delinquency proceedings, the outcome of this appeal would be the same.