LAWRENCE, Judge,
concurring specially.
I concur that we are bound by our decision in J.B. v. State, 646 So.2d 808 (Fla. 1st DCA 1994). The sad result of following J.B. is that twelve-year-old J.D. effectively has shut down the juvenile justice system as it attempted to set restitution for his eighty-six-year-old victim. The witness’ time attending court and testifying is for nought and the cost of securing attendance, as well as the time of the trial judge, the prosecutor, the public defender, and other court personnel, is totally lost. The trial judge is left with no alternative but to place J.D. in custody and detain him until the next restitution hearing, an additional and substantial cost to the citizens of Florida. This remedy moreover may generate additional litigation over confining J.D. for a restitution hearing, which ultimately hinges on J.D.’s ability to pay. Without this remedy however, any juvenile can thwart the judicial process and thus escape restitution simply by refusing to be present for the restitution hearing. The result is further unjust when the process for setting restitution is subverted by the law breaker whose liberty interests are not initially at stake.
J.D. was given notice of the hearing.** Whether J.D. was given notice of the hearing, however, makes no difference in the holding of the majority, in that the majority opinion is founded upon the failure of J.D. to make an affirmative waiver of his presence at the restitution hearing. Thus, the result, according to the majority, would be the same, with or without reasonable notice.
J.D.’s counsel made no objection to proceeding in the absence of his client, and made no attempt to offer any reason for his Ghent’s failure to appear. The hearing resulted in the entry of an order for restitution in the amount of $1895.15, for J.D.’s burglary of a home and his criminal mischief therein. Subsequent to the hearing, no request for a new hearing was made, despite that Florida Rule of Juvenile Procedure 8.270 provided relief from the restitution order in the event J.D. established good cause for his absence.***
I would prefer to follow the rationale of our supreme court in Capuzzo v. State, 596 So.2d 438 (Fla.1992). Capuzzo, having knowledge of his sentencing hearing, fled the courthouse and removed himself from the jurisdiction of the court. He, in absentia, then was sentenced to a mandatory term of fifteen years in prison for trafficking in cocaine. The supreme court, despite that Florida Rule of Criminal Procedure 3.180(a) requires the presence of a defendant for im *46 position of sentence, and notwithstanding that.there was no affirmative waiver by Ca-puzzo, nevertheless concluded:
We see no reason to distinguish between a defendant’s presence at sentencing and his or her presence at other crucial stages, of the trial that occur prior to the return of the verdict. Neither precedent nor common sense requires allocating more “protection” to a defendant’s presence during sentencing than, for example, his or her presence at the return of the verdict, upon which the trial’s most fateful determination rests, (i.e., the fundamental determination of guilt or innocence). Where a defendant absents himself or herself by fleeing the court’s jurisdiction, that defendant cannot claim lack of an express waiver. In such circumstances, securing an express waiver is impossible and the defendant’s actions constitute a valid waiver. E.g., State v. Gurican, 576 So.2d 709, 712 (Fla.1991) (“appellate courts of this state shall dismiss the appeal of a convicted defendant not yet sentenced who flees the jurisdiction before filing a notice of appeal”); Dufour v. State, 495 So.2d 154, 161 (Fla.1986) (defendant voluntarily absented himself from pretrial motions hearing by “embarking on a ‘hunger strike’ culminating in his hospitalization during the hearing”), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987). A contrary rule of law would be repugnant to the rationale behind rule 3.180, which inherently dictates that defendants cannot be allowed to thwart or impede the judicial process through their own misconduct.
Id. at 440.
Any attempt to distinguish Capuzzo on the basis that Capuzzo involved actual notice to the defendant, appropriately was addressed by our sister court, in Aguiar v. State, 633 So.2d 557 (Fla. 3d DCA1994):
We disagree with the defendant’s argument that Capuzzo is distinguishable from the present case based upon the fact that the defendant in Capuzzo had actual notice of the sentencing hearing. In Capuzzo, the defendant had entered a plea, and a sentencing hearing was scheduled. The defendant failed to appear at the scheduled sentencing hearing. The specific issue addressed by the Court was whether a defendant could be sentenced in absentia, where the defendant voluntarily failed to attend a scheduled sentencing hearing.
Id. at 558 (holding that defendant’s voluntary decision to abscond during trial constitutes a waiver of the right to be present at both adjudication and sentencing). I agree with our supreme court: “A contrary rule of law would be repugnant to the rationale behind rule 3.180, which inherently dictates that defendants cannot be allowed to thwart or impede the judicial process through their own misconduct.” Capuzzo, 596 So.2d at 440.
The impact of the decision in the instant case and this court’s decision in J.B. is so substantial, in my view, that the following question should be certified to the Florida Supreme Court as one of great public importance:
IS AN AFFIRMATIVE WAIVER REQUIRED OF A JUVENILE WHO HAS BEEN CONVICTED OF A DELINQUENT ACT AND WHO HAS BEEN GIVEN REASONABLE NOTICE, BEFORE THE TRIAL COURT MAY PROCEED WITH A RESTITUTION HEARING IN THE ABSENCE OF THE JUVENILE?

 The record in this case reflects the following:
COURT: All right. The name of the case?
[PROSECUTOR]: J...D...., J.. .D...., and J....P....
[DEFENSE COUNSEL]: Your Honor, my client's not present.
COURT: Your client’s not present?
[DEFENSE COUNSEL]: J_D_ No sir.
COURT: Is he, what, on community control and required to pay restitution, is that correct?
[PROSECUTOR]: Yes, sir, I have the victim here.
COURT: All right. We'll proceed, Mr. Byron. Your client has been noticed. It's a restitution matter. I'll allow you to cross the witness if you so desire. Call your first witness, Mr. Ward.

 The Florida Rules of Juvenile Procedure make no mention of a restitution hearing. It is only because of a general provision that a child’s presence is arguably required at a restitution hearing. Florida Rule of Juvenile Procedure 8.100 provides:
General Provisions for Hearings
Unless otherwise provided, the following provisions apply to all hearings:
(a) Presence of the Child. The child shall be present unless the court finds that the child's mental or physical condition is such that a court appearance is not in the child's best interests.
(b) Absence of the Child. . If the child is present at the beginning of a hearing and during the progress of the hearing voluntarily absents himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.