710 So.2d 53 (1998)
Tony PAPAGEORGE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1315.
District Court of Appeal of Florida, Fourth District.
March 18, 1998.
*54 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Tony Papageorge, was involved in an accident in which two people were injured. He was convicted of driving with a suspended license and two counts of leaving the scene of an accident, one for each person injured in the accident. At the sentencing hearing, the trial court reserved jurisdiction on restitution until a hearing could be held to determine the amount of restitution owed the victims. At the restitution hearing, Appellant's counsel appeared, but Appellant was not present. The trial court decided to proceed with the hearing even though Appellant was not present. At the conclusion of this hearing, Appellant was ordered to pay $10,000 in restitution.
On appeal, Appellant argues that the trial court erred in convicting him of two counts of leaving the scene of an accident where there was but one accident which resulted in two people being injured. Since it is clear that there was but one accident and one failure to stop, we find that Appellant's multiple convictions for leaving the scene of an accident violated his double jeopardy rights. See Hardy v. State, 705 So.2d 979, 23 Fla.L.Weekly D345 (Fla. 4th DCA Jan.28, 1998); Hoag v. State, 511 So.2d 401 (Fla. 5th DCA 1987) (finding that the "unit of prosecution" for violating the statute requiring a driver to stop when involved in an accident resulting in injury or death was not the number of victims injured, but the number of accidents). Accordingly, we vacate one of Appellant's two convictions for leaving the scene of an accident. With regard to Appellant's remaining convictions, we affirm.
Appellant also asserts that the trial court reversibly erred in conducting the restitution hearing in his absence. We agree.
A defendant has the constitutional right to be present at the stages of his trial where fundamental fairness might be thwarted by his absence. See Coney v. State, 653 *55 So.2d 1009, 1013 (Fla.1995), cert. denied, 516 U.S. 921, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995); Summerall v. State, 588 So.2d 31, 32 (Fla. 3d DCA 1991). Florida Rule of Criminal Procedure 3.180(a)(9) mandates that a criminal defendant be present "at the pronouncement of judgment and the imposition of sentence," thus recognizing that sentencing is a crucial stage of a criminal trial. See Capuzzo v. State, 596 So.2d 438, 439-40 (Fla. 1992). However, a defendant can waive his right to be present at a crucial stage of a criminal trial and exercise constructive presence through counsel. See Coney, 653 So.2d at 1013. To do this, the trial court must certify through the proper inquiry that the waiver is knowing, intelligent, and voluntary. See id. A defendant may also waive his right to be present where he voluntarily absents himself from a crucial stage of a criminal trial without leave of court. See Fla. R.Crim.P. 3.180(c): Capuzzo, 596 So.2d at 440.
In the instant case, Appellant's counsel stated that although she received notice, Appellant had not been provided any notice of the hearing date. She stated that her attempt at notifying Appellant, made the day before the hearing, was unsuccessful. Since restitution is an integral part of sentencing, see Hodas v. State, 603 So.2d 21 (Fla. 4th DCA 1992), Appellant had a constitutional right to be present at the hearing. See Fla.R.Crim.P. 3.180(a)(9); Summerall, 588 So.2d at 32. Although his counsel had received proper notice, we do not believe that the trial court could conduct the hearing in Appellant's absence, depriving him of his constitutional right to be present, simply because it felt that Appellant's counsel should have notified Appellant of the hearing. In addition, there is no record evidence that Appellant waived his right to be present at the restitution hearing or that Appellant voluntarily absented himself from the proceeding. Given the unique circumstances of this case, we conclude that the trial court erred in conducting the restitution hearing in Appellant's absence. See Coney, 653 So.2d at 1013; Summerall, 588 So.2d at 32. Accordingly, we reverse the restitution order and remand this case to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART; AND REMANDED.
STONE, C.J., and GUNTHER and POLEN, JJ., concur.