745 So.2d 1002 (1999)
Dominic SANTEUFEMIO, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03951.
District Court of Appeal of Florida, Second District.
September 10, 1999.
*1003 Robert L. Hambrick, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Dominic Santeufemio appeals an order revoking his probation. Santeufemio argues that the trial court erred in conducting a probation revocation hearing in his absence. We affirm because Santeufemio waived his right to be present at the hearing.
Santeufemio was charged with several violations of his probation. A probation revocation hearing was scheduled on May 15, 1998. On that day, Santeufemio was present at the courthouse with his counsel. During the morning calendar call, Santeufemio's counsel learned that the trial court intended to impose a prison sentence if the State proved the alleged violations. Santeufemio's counsel informed him of the trial court's intentions. When Santeufemio's case was called approximately two hours later, he was not present in the courthouse. The trial court concluded that Santeufemio had voluntarily absented himself from the hearing and conducted the probation revocation hearing in absentia. Santeufemio was found to have violated the terms of his probation. In a subsequent hearing at which Santeufemio was present, the trial court sentenced him to sixty-six months in prison.
The purpose of a probation revocation hearing is to determine whether the terms of a defendant's probation for a prior crime have been violated. As such, a probation revocation hearing constitutes a deferred sentencing proceeding. See Green v. State, 463 So.2d 1139 (Fla.1985). Sentencing is a critical stage of criminal prosecution for which the defendant has a constitutional right to attend. See Fla. R.Crim. P. 3.180(a)(9) (mandating that criminal defendants be present at the imposition of sentence); Nelson v. State, 724 So.2d 1202 (Fla. 2d DCA 1998). However, defendants may waive their right to be present at sentencing. See Capuzzo v. State, 596 So.2d 438 (Fla.1992) (holding that defendants may voluntarily waive their right to be present during sentencing); State v. Gurican, 576 So.2d 709, 712 (Fla.1991) ("[W]here the convicted defendant escapes and fails to appear for sentencing, we advise trial courts to proceed in absentia and render their final judgments adjudicating the defendant guilty."). In the present case, the trial court concluded that Santeufemio's voluntary decision to flee the courthouse constituted a waiver of his right to be present at the probation revocation hearing. We agree.
The Supreme Court of Florida dealt with a situation similar to the present case in Capuzzo v. State, 596 So.2d 438 (Fla. 1992). In Capuzzo the defendant absconded prior to his sentencing hearing after learning that the State would oppose his *1004 motion to continue the hearing. The trial court found that the defendant had voluntarily absented himself from the hearing and sentenced the defendant in absentia. In upholding the sentence, the supreme court stated, "Where a defendant absents himself or herself by fleeing the court's jurisdiction, that defendant cannot claim lack of an express waiver. In such circumstances, securing an express waiver is impossible and the defendant's actions constitute a valid waiver." Capuzzo, 596 So.2d at 440.
In the present case, Santeufemio had notice of the scheduled probation revocation hearing, and he was present at the courthouse on the date of the hearing. Santeufemio voluntarily fled from the hearing. Therefore, the trial court did not abuse its discretion in revoking Santeufemio's probation in absentia.
Affirmed.
CAMPBELL, A.C.J., and FULMER, J., Concur.