PER CURIAM.
N.C. challenges a restitution order. N.C. argues that the trial court erred in entering the order because he was not present at the restitution hearing and because the court failed to make a finding as to his present ability to pay. We agree and remand for another restitution hearing. On remand, the child must be present in person or by telephone, or the State must demonstrate that N.C. voluntarily waived his right to be present. See Fla. R.Juv.P. 8.100(a); J.D. v. State, 705 So.2d 44 (Fla. 1st DCA 1997). Moreover, the court shall make a finding as to N.C.’s (or his parents’) ability to make restitution payments. See § 985.231(l)(a)l a, Fla. Stat. (1999); C.D.D. v. State, 684 So.2d 866 (Fla. 2d DCA 1996), receded from on other grounds, T.J. v. State, 743 So.2d 1158 (Fla. 2d DCA 2000).
Reversed and remanded with instructions.
WHATLEY, A.C.J., and STRINGER, J., and DANAHY, PAUL W., (Senior) Judge, concur.