833 So.2d 318 (2003)
Bonnie MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3617.
District Court of Appeal of Florida, Second District.
January 3, 2003.
*319 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Bonnie Miller challenges the circuit court's final judgment of restitution requiring her to pay Shirley Dobruck $10,000 for a stolen coin collection. We reverse.
Hearsay may not be the basis for ordering restitution. Green v. State, 652 So.2d 958 (Fla. 2d DCA 1995). Here, the only witness for the State was the victim's son, Robert Burger, who testified that his mother had eight to ten one-gallon bags of coins that she kept in a lock box in her home. The collection had never been appraised or insured, and Burger never counted or inventoried the collection. Although he knew what denominations of coins made up the collection, he was unaware of the amounts of each particular coin and whether the bags contained similar amounts.
Burger testified that a pawnbroker had paid his mother $1000 for a small box containing approximately one-fifth of the contents of one of the gallon bags. However, the pawnbroker did not testify regarding that valuation, and the State failed to establish how Burger came to know of the pawnbroker's valuation.
Accordingly, Burger's testimony did not establish by a preponderance of the evidence the amount of the victim's loss. See Moore v. State, 694 So.2d 836 (Fla. 2d DCA 1997). At most, it was speculative opinion testimony based on hearsay information that he received either directly from the pawnbroker or through his mother.
It also was error for the trial court to conduct the restitution hearing in Miller's absence without a showing that her absence was voluntary. "A defendant has a right to be present at the stages of his trial where fundamental fairness might be thwarted by his absence." Papageorge v. State, 710 So.2d 53, 54 (Fla. 4th DCA 1998). Sentencing is such a stage of a trial. Id. at 55. Although a defendant can waive the right to be present at sentencing, the waiver must be made knowingly, intelligently, and voluntarily. A waiver can include voluntarily absenting oneself without leave of court. Id.
Here, Miller's counsel represented that Miller was bedridden and awaiting surgery at an area hospital, and the State presented nothing to contradict this assertion. Thus, the record does not demonstrate that Miller voluntarily absented herself from the restitution hearing nor that she knowingly and intelligently waived her presence.
Reversed and remanded for a new restitution hearing.
BLUE, C.J., and KELLY, J., Concur.