PER CURIAM.
Fifteen-year-old T.A.S. was charged with burglary of a dwelling and petit theft, and he pleaded no contest to the charges. He appeals only the order of restitution because the hearing setting the amount was held in his absence. We reverse.
T.A.S.’s plea was accepted on October 13, 2003, and set for final disposition on October 27, at which time T.A.S. appeared with his maternal grandparents. The grandparents had always appeared with T.A.S. in court even though they were only his voluntary caretakers, not his legal custodians; the Department of Children and Family Services placed T.A.S. with them because his mother had neglected him and his siblings and was, at that time, incarcerated. The court adjudicated T.A.S. and placed him into a moderate risk residential program followed by probation. Restitution was ordered to compensate the victim for the money and items taken during the burglary and the property that was damaged during the break-in. The court reserved on the amount and set the restitution hearing for November 3.
On October 31, at the request of the State, the prosecutor and defense counsel signed a stipulation to continue the restitution hearing to December 1. This record does not contain a transcript of the subsequent hearing that occurred on November 3, but according to the minutes of this hearing, the court extended the State’s requested time by continuing the hearing to December 8. These minutes also contain checkmarks in specified places that show *1234 that the prosecutor, defense counsel, and a representative of the Department of Juvenile Justice attended the hearing; however, the spaces that would indicate the presence of the defendant and his grandparents are not checked. As the presence of the defendant and his grandparents was affirmatively noted on all minutes of hearings at which they did appear, the record strongly suggests that neither T.A.S. nor either of his grandparents was present on November 3 to be informed that the restitution hearing was reset for Monday, December 8.
On December 8, T.A.S. did not appear, although his grandparents did. As the hearing began, defense counsel stated that the defense was not ready because T.A.S. was absent and that counsel did not know where he was. T.A.S. was aware of an appointment scheduled for earlier that day, to discuss restitution matters with defense counsel, but T.A.S. did not appear for that appointment either. The grandmother informed defense counsel that T.A.S. had not returned home from school the previous Friday and that they had not seen him since. When the court inquired of defense counsel whether T.A.S. was aware that the restitution hearing was scheduled for that date and time, defense counsel could only say that he did not know. Without any sworn evidence about T.A.S.’s absence, and despite defense counsel’s argument that T.A.S.’s simple failure to appear did not constitute a knowing and intelligent waiver of his right to be present at this critical stage of the proceedings, the court concluded that T.A.S. had absconded. The court then proceeded with the hearing and the testimony of the burglary victim. Defense counsel objected at every stage of the proceeding, even declining to cross-examine the witness because of T.A.S.’s absence. Substantial restitution was imposed, and T.A.S. and his grandparents were ordered to pay it.
In this case, the record evidence does not establish that T.A.S. knew a restitution hearing was scheduled for December 8 or that he waived his right to be present. “A defendant has the constitutional right to be present at the stages of his trial where fundamental fairness might be thwarted by his absence.” Papageorge v. State, 710 So.2d 53, 54 (Fla. 4th DCA 1998). It is error for a trial court to conduct a restitution hearing in the defendant’s absence without a showing that the absence is voluntary. Miller v. State, 833 So.2d 318 (Fla. 2d DCA 2003). In Miller, the defense counsel represented to the court that the defendant was bedridden and awaiting surgery at an area hospital, and the State presented nothing to contradict this assertion. Because the record in Miller did not demonstrate that the defendant’s absence was voluntary or that she had knowingly and intelligently waived her presence, this court reversed for a new restitution hearing. We cannot distinguish the record in this case from the circumstances in Miller.
The record in this case shows only that T.A.S. was not present at the final hearing on restitution. The record reveals that he and his grandparents last appeared before the court on October 27. Although there were responsible persons present who could have testified as to whether T.A.S. knew about the reset, December 8 date of the hearing, e.g., the grandparents, no one was sworn to give testimony about the information T.A.S. possessed in the intervening weeks. Further, the court documents regarding the December 8 hearing date do not show service on T.A.S. Like the record in Miller, this record is devoid of evidence that the defendant knowingly and intelligently waived his presence at this hearing.
In J.B. v. State, 646 So.2d 808, 808 (Fla. 1st DCA 1994), the appellate court re *1235 versed an order of restitution imposed at a hearing in the defendant’s absence:
We agree with J.B. that he was entitled to be present at the restitution hearing unless he validly waived that right (See Rule 8.100, Fla. R. Juv. P.), and that even though he did not show up at the scheduled restitution hearing, the state failed to prove an effective waiver of his right to be present. The trial court’s conversation with an “unidentified speaker” (even though it appeared the speaker was J.B.’s mother) was not sworn evidence and did not constitute competent, substantial evidence proving an effective waiver of this right. Further, we note that neither the transcript of the hearing nor the restitution order contains any finding of waiver by the trial court.
See also Papageorge, 710 So.2d at 55 (holding that to find that the defendant knowingly, intelligently, and voluntarily waived his presence, the trial court must conduct a proper inquiry). As in Miller and J.B., here no competent evidence demonstrated an effective waiver of T.A.S.’s right to be present, and the trial court erred in proceeding with the hearing in T.A.S.’s absence.
We reverse the order of restitution and remand for a new restitution hearing.[1] Defendants facing possible restitution should not view this reversabas a license to absent themselves from court and thwart its orderly process. This reversal is narrowly based on the record before us, which fails to provide sufficient, competent evidence that T.A.S. knew the restitution hearing was continued to December 8, 2003, and validly waived his presence.
Reversed and remanded.
CASANUEVA, DAVIS, and KELLY, JJ., Concur.

. While not part of our jurisdiction, we note that T.A.S.’s grandparents were held jointly and severally liable for restitution, even though the record suggests that they were not T.A.S.’s legal guardians. Furthermore, the trial court ordered that they be financially responsible even though they may have made a diligent and good faith effort to prevent their grandson from engaging in delinquent acts. Therefore, we doubt that such order could survive a legal challenge by them. See § 985.231(l)(a)6, Fla. Stat. (2003). Inasmuch as a new restitution hearing will be held on remand, we trust that such potential error will be avoided.