945 So.2d 597 (2006)
M.W.G., Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-388.
District Court of Appeal of Florida, Second District.
December 20, 2006.
*599 James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
M.W.G. appeals from the restitution order entered after he pleaded guilty to burglary of a structure. Because the trial court conducted the restitution hearing in M.W.G.'s absence without competent, substantial evidence to establish that M.W.G. had waived his right to be present or that he had voluntarily absented himself from the hearing, we reverse and remand for a new hearing.
The State charged M.W.G. with burglary of a structure and grand theft as a result of events which occurred on October 12, 2003. On November 29, 2005, M.W.G. pleaded guilty to the burglary charge, and the State dropped the grand theft charge. The parties agree that at the November 29 change of plea hearing, the trial court advised M.W.G. that a restitution hearing would be held on January 12, 2006.
On January 12 at the scheduled hearing time, the bailiff sounded the halls for M.W.G., but M.W.G. was not present. After the bailiff advised the court of this and before the prosecutor even spoke, the judge stated, "Can't I find that that's a voluntary absence and proceed forward? Okay, because II pulled some case law here on this issue." The judge then discussed at length the case law she had pulled on the issue of criminal defendants waiving their right to be present for court proceedings.
When the judge was finished with her discussion, defense counsel argued that there could be a legitimate reason for M.W.G.'s absence and that that reason could also be preventing him from notifying the court of the reason for his absence. Defense counsel also argued that the State had the burden to prove that M.W.G. had voluntarily waived his right to be present. In response, the judge stated, "Well, can't they show that by looking at the Court record?" Defense counsel replied that the State could not do so, noting that the court record could prove notice, but not that M.W.G. had voluntarily waived his appearance. The judge then stated:
And if you were to have contact with him, then I would reset the hearing, but at this point there's nothing before me to show that he's doing anything other than just choosing not to appear.
The judge then proceeded to go through the court file with the court clerk and note the times when M.W.G. had not been present for other hearings. Based solely on the record of those prior nonappearances, the trial court found that M.W.G. had voluntarily waived his right to be present at the restitution hearing and that "the State's burden has been established by the record itself."
Having determined that M.W.G. had waived his right to be present, the court permitted the State to call the victim to testify to the value of the items stolen during the burglary. At the conclusion of the hearing, the trial court entered a restitution order in the amount of $8085. The trial court made no findings in its order as to what amount M.W.G. might reasonably be expected to earn upon finding employment or whether M.W.G. could reasonably pay the amount of restitution ordered. M.W.G. now challenges the propriety of the restitution order in this appeal.
A defendant has the constitutional right to be present at all stages of the *600 trial at which fundamental fairness might be thwarted by his absence. Coney v. State, 653 So.2d 1009, 1013 (Fla.1995). This includes hearings at which the imposition of and the amount of restitution are to be determined. See, e.g., T.A.S. v. State, 892 So.2d 1233, 1234 (Fla. 2d DCA 2005); Miller v. State, 833 So.2d 318, 319 (Fla. 2d DCA 2003); J.B. v. State, 646 So.2d 808 (Fla. 1st DCA 1994). However, a defendant can waive this right and exercise constructive presence through counsel. Coney, 653 So.2d at 1013. If the defendant does so, before the proceedings may commence, the court must determine that the defendant's waiver of the right to be present is knowing, intelligent, and voluntary. Id.; see also Miller, 833 So.2d at 319; Papageorge v. State, 710 So.2d 53, 55 (Fla. 4th DCA 1998). The State has the burden of proving that the defendant knowingly and voluntarily waived the right to be present. T.A.S., 892 So.2d at 1234; J.B., 646 So.2d at 808. In the alternative, a defendant may voluntarily absent himself from the proceedings by intentionally fleeing the jurisdiction or by leaving court during the proceedings. Capuzzo v. State, 596 So.2d 438, 440 (Fla.1992); Santeufemio v. State, 745 So.2d 1002, 1003 (Fla. 2d DCA 1999).
In this case, there is nothing in the record to show that M.W.G. voluntarily absented himself from the proceedings by fleeing the jurisdiction or leaving court during the proceedings. Therefore, the question before the trial court was whether M.W.G. had knowingly, intelligently, and voluntarily waived his right to be present at the restitution hearing, and it was the State's burden to present proof of this waiver. However, the State presented no evidence at the hearing. Instead, the trial court simply reviewed the court file, found that M.W.G. had failed to appear for arraignment and two pretrial status checks, and concluded that M.W.G.'s failure to appear at previous proceedings in the case established that he had waived his right to appear at the restitution hearing. This finding cannot stand for two reasons.
First, the record concerning M.W.G.'s earlier absences does not establish the reason for them. While it is possible that M.W.G. simply decided not to show up for those proceedings, it is equally possible that M.W.G. voluntarily waived his presence at the status checks and appeared constructively through counsel. Such a waiver for certain pretrial proceedings does not constitute a blanket waiver for all subsequent court proceedings, including posttrial restitution hearings.
Second, even if M.W.G. simply did not show up for the pretrial status checks, M.W.G. did appear for the adjudicatory hearing. Thus, the record indicates that M.W.G. did not intend, either by his conduct or by any prior waivers for pretrial proceedings, to waive his right to attend all further proceedings in his case. The record of M.W.G.'s prior absences from pretrial status checks is not, standing alone, competent, substantial evidence of a knowing and voluntary waiver of the right to be present at the restitution hearing, particularly in light of M.W.G.'s presence at the adjudicatory hearing.
Under the circumstances presented here, the fact that M.W.G. failed to appear at certain pretrial proceedings does not establish a knowing and voluntary waiver of his right to be present at the posttrial restitution hearing. Accordingly, because there was no competent, substantial evidence in the record to establish that M.W.G. knowingly and voluntarily waived his right to be present at the restitution hearing, the trial court erred in conducting the restitution hearing in his absence, and we must remand for a new restitution hearing.
*601 Because we are remanding for a new hearing, we address M.W.G.'s argument concerning the sufficiency of the findings in the restitution order because the issue may arise on remand. Section 985.231(1)(a)(1)(a), Florida Statutes (2003), states that when restitution is ordered to be paid by a juvenile, "the amount of restitution may not exceed an amount the child and the parent or guardian could reasonably be expected to pay or make." In addition, section 985.231(1)(a)(6) states that if the court orders the child to pay restitution, it must be "in a reasonable amount or manner to be determined by the court."
This court and others have repeatedly held that these statutes do not require that the trial court find that the child has the present ability to pay restitution. See, e.g., R.S.M. v. State, 910 So.2d 361, 362 (Fla. 2d DCA 2005); R.D.S. v. State, 844 So.2d 720, 720-21 (Fla. 2d DCA 2003); A.J. v. State, 677 So.2d 935, 938 (Fla. 4th DCA 1996). Instead, the court must determine what the child may reasonably be expected to earn upon finding suitable employment and must base the restitution amount on those expected earnings. R.D.S., 844 So.2d at 721; A.J., 677 So.2d at 938; J.A.M. v. State, 601 So.2d 278 (Fla. 1st DCA 1992). When no evidence of what the child could reasonably be expected to earn is presented at the restitution hearing, the trial court cannot make a finding on this issue. See A.J., 677 So.2d at 938; see also N.C. v. State, 774 So.2d 867, 868 (Fla. 2d DCA 2000); In Interest of C.D.D., 684 So.2d 866, 867 (Fla. 2d DCA 1996). In the absence of such a finding, an appellate court must reverse the restitution order and remand for a hearing on the child's ability to earn and ability to pay. A.J., 677 So.2d at 938.
In this case, the trial court heard no evidence on the issue of what amount M.W.G. could reasonably be expected to earn upon finding suitable employment. Thus, the trial court made no finding that M.W.G. could reasonably be expected to earn sufficient income to pay $8085 in restitution. The absence of this finding is a fatal flaw in the restitution order. Accordingly, if the trial court again imposes restitution on remand, it must make the findings required by section 985.231(1)(a)(1)(a) based on evidence presented at the restitution hearing.
Reversed and remanded for further proceedings.
WHATLEY and VILLANTI, JJ., Concur.