STRINGER, Judge.
C.C.N. appeals an order of restitution following a guilty plea to burglary of a conveyance. The restitution hearing was held without C.C.N.’s presence or waiver thereof, and restitution was ordered in the amount of $948.09. The State properly concedes error, and we reverse and remand for a new restitution hearing.
On November 13, 2007, C.C.N. pleaded guilty to burglary of a conveyance and was sentenced to one year’s probation. A restitution hearing was held on December 18, *1152 2007, but C.C.N. was not present. Defense counsel requested a continuance but stated that he was prepared to go forward without C.C.N.’s presence. The court refused to grant a continuance and proceeded to hear testimony from the victim and accept documentation regarding the amount of damage done to the victim’s vehicle. The court ordered restitution in the amount of $948.09.
It is well settled that a defendant has the constitutional right to be present at a restitution hearing. M.W.G. v. State, 945 So.2d 597 (Fla. 2d DCA 2006); T.A.S. v. State, 892 So.2d 1233 (Fla. 2d DCA 2005). A defendant may waive this right and exercise constructive presence through counsel, but the court must conduct the proper inquiry before the proceedings commence to “determine that the defendant’s waiver of the right to be present is knowing, intelligent, and voluntary.” M.W.G., 945 So.2d at 600.
When a defendant is absent from the restitution proceedings, the State must present competent, substantial evidence proving an effective waiver and unsworn statements that the defendant had notice of the hearing are not sufficient to prove waiver. J.B. v. State, 646 So.2d 808 (Fla. 1st DCA 1994). “It is error for a trial court to conduct a restitution hearing in the defendant’s absence without a showing that the absence is voluntary.” T.A.S., 892 So.2d at 1234.
In this case, the trial court failed to conduct an inquiry and made no findings as to whether C.C.N. had voluntarily waived his right to be present. The State offered no evidence to show that C.C.N. was given actual notice of the hearing, and though a probation officer stated C.C.N. knew about the hearing, this statement was not sworn testimony and was made at the end of the hearing.
On this record, the State rightly concedes that it failed to prove C.C.N. knowingly and voluntarily waived his right to be present at the restitution hearing. Accordingly, we reverse and remand for a new restitution hearing at which C.C.N. is present or has effectively waived that right.
Reversed and remanded.
FULMER and WALLACE, JJ., Concur.