PER CURIAM.
 

 After pleading guilty to burglary of a structure, appellant was sentenced to five years in prison followed by two years of probation, with restitution as a condition of probation. The parties agreed that the amount of restitution would be determined within sixty days. Appellant was not present at the restitution hearing when restitution above an agreed amount was imposed. As the State correctly concedes, the trial court improperly held the restitution hearing without a showing that appellant voluntarily waived his right to be present.
 
 [1]
 

 
 *300
 
 A defendant has the constitutional right to be present at a restitution hearing.
 
 C.C.N. v. State,
 
 1 So.3d 1151, 1152 (Fla. 2d DCA 2009). Although a defendant may waive this right and exercise constructive presence through counsel, the court must determine that the defendant’s waiver is knowing, intelligent, and voluntary.
 
 See M.W.G. v. State,
 
 945 So.2d 597, 600 (Fla. 2d DCA 2006);
 
 see also Papageorge v. State,
 
 710 So.2d 53, 55 (Fla. 4th DCA 1998).
 

 Accordingly, we reverse and remand for a new restitution hearing.
 

 TAYLOR, HAZOURI and LEVINE, JJ., concur.
 

 [1]
 

 . The trial court mistakenly believed that counsel had waived appellant’s appearance at the restitution hearing.