SILBERMAN, Judge.
The sole issue in this appeal is whether the trial court erred when it imposed restitution on a juvenile defendant who was absent from the hearing and who had not waived her right to be present. The State concedes error, and we reverse.
A.O.L. entered a plea of guilty to the delinquent acts of burglary of an unoccupied dwelling and two counts of second-degree grand theft. Adjudication was withheld and she was placed on probation. The victims sought restitution for damage done to their home and for property stolen during the burglary. Although apparently noticed for a restitution hearing, A.O.L. failed to appear; but the homeowners were present, and the trial court decided to go ahead with the hearing in spite of the defense attorney’s objection. The trial court made specific findings on the record about the amount of restitution due to the victims and later memorialized the amounts in a final judgment.[1]
Both parties have cited settled case law for the proposition that defendants have a constitutional right to be present at a restitution hearing and, if they do not validly waive that right, it is reversible error to conduct the hearing and impose restitution in their absence. See M.W.G. v. State, 945 So.2d 597, 600 (Fla. 2d DCA 2006); T.A.S. v. State, 892 So.2d 1233, 1234 (Fla. 2d DCA 2005). This case is virtually identical to C.C.N. v. State, 1 So.3d 1151 (Fla. 2d DCA 2009), in which the trial court failed to inquire about the circumstances of the juvenile’s absence or make any findings concerning whether the juvenile had voluntarily waived the right to be present. As in this case, no sworn evidence demonstrated that the defendant had actually received notice of the restitution hearing. Although a defendant may waive the right to be present and may appear constructively through counsel, the court nevertheless must first “ ‘determine that the defendant’s waiver of the right to be present is knowing, intelligent, and voluntary.’ ” Id. at 1152 (quoting M.W.G., 945 So.2d at 600). The State carries the burden of proving the validity of the juvenile’s waiver by competent, substantial evidence. C.C.N., 1 So.3d at 1152.
The trial court in this case implicitly found that the juvenile had waived her right to be present based on an unsworn statement that A.O.L. and her mother had received notice of the hearing, but the court’s assumption of waiver was not supported by competent, substantial evidence. Accordingly, we must reverse the final judgment of restitution and remand for a new restitution hearing at which A.O.L. must be present. Alternatively, if A.O.L. *677 does not attend, the State must demonstrate by competent, substantial evidence that she validly waived her constitutional right to be present.
Reversed and remanded for further proceedings.
CASANUEVA and BLACK, JJ, Concur.

. A.O.L. filed a notice of appeal based on the trial court’s oral findings. Because this court lacks jurisdiction to review an oral order of this nature, we relinquished jurisdiction for the trial court to render a final judgment of restitution reflecting the oral findings.