IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED


K.J.H., A CHILD,

       Appellant,

 v.
                                     Case No.  5D22-1407
                                     LT Case No. 2021-CJ-000059-A

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed May 5, 2023

Appeal from the Circuit Court
for Sumter County,
Jason J. Nimeth, Judge.

Matthew J. Metz, Public Defender, and Jane Almy, Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee and Allison L. Morris, Assistant Attorney General, Daytona Beach, for Appellee.


BOATWRIGHT, J.

Appellant, K.J.H., appeals his judgment and sentence, where the trial court found him guilty and adjudicated him delinquent on the charge of battery. Appellant argues on appeal that the trial court erred by denying his motion for continuance on the day of the trial and awarding the victim restitution. We find that the trial court did not abuse its discretion in denying Appellant's motion for continuance. However, we reverse Appellant's sentence in part to the extent that it requires him to pay the victim restitution, but otherwise, we affirm Appellant's judgment and sentence.

I.

On July 8, 2021, Appellant was arrested for committing a battery on the victim in violation of section 784.03(1)(a)1., Florida Statutes (2021). It was alleged that the victim attended a party where she became involved in a physical altercation with Appellant's co-defendant. Appellant subsequently became involved in the altercation, during which he kicked, stomped, and punched the victim in her head, back, and face. The case proceeded to trial, and, at the conclusion of his trial, Appellant was found guilty and adjudicated delinquent for the offense of battery.

As part of Appellant's sentencing, the victim filed a victim impact statement wherein she requested restitution. At the restitution hearing, the victim testified that she was not seeking restitution for any injuries caused by Appellant; rather, she only sought restitution as compensation for the

number of hours of paid time off from work that she took in order to attend court-related appearances. Over Appellant's objections, the trial court, relying on section 775.089, Florida Statutes (2022), issued an order granting restitution which ordered Appellant to pay the victim $745.84 as a condition of his probation.

On appeal, Appellant argues the restitution order was improper, as it awarded damages which were not causally connected with the underlying offense. We agree.

## II.

"[W]hether the relevant statute permits the *type* of restitution awarded" is a question of law reviewed de novo. Koile v. State, 934 So. 2d 1226, 1229 (Fla. 2006).

"When reviewing a challenge to a restitution award under section 775.089, Florida courts have required a finding that 'the loss or damage is causally connected to the offense *and* bears a significant relationship to the offense.'" Id. at 1234 (quoting Schuette v. State, 822 So. 2d 1275, 1280 (Fla. 2002)); see also Schneider v. State, 972 So. 2d 1079, 1080 (Fla. 5th DCA 2008) ("To order restitution under [section 775.089], the court must find that the loss or damage is causally connected to the defendant's offense. Only those damages or losses which flow from defendant's criminal activity may be assessed as restitution." (citations omitted)).

Under this standard, Florida courts have held that wages lost by a victim due to their attendance as a witness in court proceedings were not causally related to the offense for which the defendant was convicted; and thus, the victim was not entitled to restitution on that basis. See J.B. v. State, 646 So. 2d 808, 808–09 (Fla. 1st DCA 1994); J.S. v. State, 717 So. 2d 175, 177 (Fla. 4th DCA 1998) (agreeing with the First District in J.B. and noting that "wages lost as a result of attendance at juvenile court proceedings do not bear a 'significant relationship' to the underlying criminal offenses, such that they may be the subject of restitution"); see also Schneider, 972 So. 2d at 1081 ("Lost wages and similar expenses of victims, including costs resulting from participating in court proceedings have been found to be improper for an award of restitution." (citing J.S., 717 So. 2d at 175)); cf. Koile, 934 So. 2d at 1234 (holding that lost wages incurred by parents of the decedent due to their decision to attend trial were not recoverable under section 775.089).

Here, the victim did not lose any wages or have to take time off from work due to any injuries that arose from Appellant battering her. The only financial loss the victim sustained was the paid time off she sacrificed to attend the court proceedings. Because the loss of paid time off to attend court proceedings is similar to losing wages due to attending court proceedings, the loss of paid time off occasioned by the attendance of court

4

proceedings is likewise an improper basis for awarding restitution. Thus, the victim's use of paid time off to attend the court proceedings below cannot support the restitution order. See J.B., 646 So. 2d at 808–09.

## III.

Since the paid time off taken by the victim to attend court proceedings bore neither a significant relationship nor a causal connection to the underlying offense of simple battery, it could not serve as the singular basis for the restitution order. Accordingly, we reverse the restitution order entered by the trial court, but we otherwise affirm Appellant's judgment and sentence.

AFFIRMED in part, REVERSED in part.

EDWARDS and JAY, JJ., concur.