DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TRAVIS LEE MORGAN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-2151

_____

December 3, 2025

Appeal from the Circuit Court for Sarasota County; Lee Haworth, Senior Judge.

Blair Allen, Public Defender, and Tim Bower Rodriguez, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Nicole Rochelle Smith, Assistant Attorney General, Tampa, for Appellee.

SMITH, Judge.

Travis Lee Morgan appeals his judgment and sentences rendered after a jury found him guilty of two counts of sale of a controlled substance within 1,000 feet of a public park, a first-degree felony. He was sentenced to two concurrent fourteen-year prison terms. On appeal Mr. Morgan argues the trial court "per se reversibly erred" by failing to

renew the offer of assistance of counsel prior to the charge conference, which is a critical stage of the proceedings. However, because Mr. Morgan invited the error here by knowingly and voluntarily choosing not to attend and participate in his trial, we affirm his judgment and sentences; we write to address the interplay between a defendant's waiver of appearance and invited error in the context of a *Faretta*[1] hearing.

On two separate instances, Mr. Morgan sold cocaine to a confidential informant. The sales were captured on video. Mr. Morgan was charged with two counts of sale of a controlled substance within 1,000 feet of a public park.

Prior to trial, Mr. Morgan expressed dissatisfaction with his appointed public defender and moved to proceed pro se. At the hearing held on Mr. Morgan's motion, Mr. Morgan indicated that he wanted to represent himself so that he could control his case but also that he was not happy with counsel's representation. Accordingly, the trial court conducted both a *Faretta* hearing and a *Nelson* hearing, making the required inquiries. *See Faretta v. California*, 422 U.S. 806, 834-35 (1975) (acknowledging the right to self-representation and explaining that the accused must knowingly and intelligently waive his right to court-appointed counsel after being made aware of the dangers and disadvantages of self-representation); *Nelson v. State*, 274 So. 2d 256, 258-59 (Fla. 4th DCA 1973) (establishing the procedure for discharging appointed counsel for ineffectiveness and substituting new counsel).

After making the required inquiries, the trial court granted Mr. Morgan's request to represent himself, finding that Mr. Morgan had

---

[1] *Faretta v. California*, 422 U.S. 806, 834-35 (1975).

freely, knowingly, and voluntarily waived his right to counsel. The trial court also ordered standby counsel to be present.

On the first day of trial, after lunch but before the jury had been brought back into the courtroom, the bailiff told the trial court that Mr. Morgan was refusing to come back into the courtroom, saying he did not want to proceed. After Mr. Morgan's presence in the courtroom was secured, the trial court addressed Mr. Morgan, asking him if he had changed his mind about how he wanted to proceed with the trial. Mr. Morgan told the trial court that he would "rather not be here" and requested that the trial court send him the verdict in the mail. The trial court asked Mr. Morgan if he was thinking clearly, whether he was under the influence of any drugs or stimulants, and whether anyone had suggested this course of action or influenced him into making this decision. Mr. Morgan stated that he was thinking clearly, that he was not on drugs or stimulants, and that no one had suggested or influenced him regarding his decision. He reiterated that he did not want to be present. The trial court explained that Mr. Morgan was waiving his appearance for the remainder of the trial, including the presentation of evidence, closing arguments, and jury instructions; the trial court noted that by not being present during trial, he was making any sort of appeal very difficult. Mr. Morgan again confirmed that he did not wish to be present. The trial court went as far as to ask if there "was anything [it could] do to make [Mr. Morgan] agree to stay." Mr. Morgan told the court he had made up his mind. The trial court ultimately acquiesced to Mr. Morgan's request and allowed the bailiff to escort Mr. Morgan out of the courtroom.

After the jury returned, the trial court advised the jury of Mr. Morgan's decision to waive his right to be present for the reminder of the trial and instructed it as follows:

> [T]he fact that he's not here shouldn't mean one thing one way or the other, because he has a right not to testify anyway, and you shouldn't hold against him the mere fact that he's not here. So focus on the evidence and see if it meets the legal standard when you reach your verdict.

The trial proceeded without Mr. Morgan. After the State rested, a charge conference was held with standby counsel present.

The trial court ordered Mr. Morgan transported back to the courthouse for the second day of the trial. Mr. Morgan was sworn in and the trial court asked him if he wanted to remain in the courtroom for the remainder of the trial. Mr. Morgan stated that he did not "wish to proceed with this court procedure," that he had not changed his mind, and that he did not "even want to discuss nothing about it." The trial court asked Mr. Morgan if he wanted standby counsel to proceed in his absence. Mr. Morgan responded: "I don't even wish to answer that question. I just want to leave. I don't even really feel like—don't even know why they brought me over." The trial court again inquired into whether Mr. Morgan was thinking clearly and whether he had consumed any stimulants or medications that might affect his thinking. Mr. Morgan again responded in the negative. The trial court asked Mr. Morgan if he was freely and voluntarily making the decision to remain out of the courtroom and not have the services of standby counsel. Mr. Morgan said he was. The trial court explained that it would instruct the jury that it was not to hold Mr. Morgan's absence against him when it considers the evidence but pointed out that there was some risk in his decision to not be there. The trial court again noted that his absence may make it difficult for him to appeal any incorrect rulings the court

4

may make. Mr. Morgan indicated that he understood the risks and still did not want to be present. Mr. Morgan was taken back out of the courtroom for the remainder of the trial.

The jury found Mr. Morgan guilty as charged, and he was sentenced to fourteen years' prison on both counts, to run concurrently.

On appeal Mr. Morgan argues the trial court erred when it failed to renew the offer of assistance of counsel prior to the charge conference, which is a critical stage of the proceedings. He wants a new trial.

"Defendants in a criminal trial have a constitutional right of self-representation, and thus once a defendant makes an unequivocal request for self-representation, the trial court must 'hold a hearing[] to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.' " *Eib v. State*, 191 So. 3d 977, 979 (Fla. 2d DCA 2016) (alteration in original) (quoting *Tennis v. State*, 997 So. 2d 375, 378 (Fla. 2008)). "While a full *Faretta* inquiry need not be conducted at every stage of criminal proceedings, once counsel has been waived under *Faretta*, the offer of assistance of counsel must be renewed by the court at each critical stage of the proceedings." *Cuyler v. State*, 131 So. 3d 827, 828 (Fla. 1st DCA 2014) (citing *Traylor v. State*, 596 So. 2d 957, 968 (Fla. 1992)). "A charge conference is a critical stage of the proceedings to which the right to counsel attaches." *Fonseca v. State*, 956 So. 2d 1259, 1260 (Fla. 4th DCA 2007).

A defendant also has the right to waive his or her appearance at critical stages of criminal proceedings. *Cf. Santeufemio v. State*, 745 So. 2d 1002, 1004 (Fla. 2d DCA 1999) ("Where a defendant absents himself or herself by fleeing the court's jurisdiction, . . . securing an express waiver is impossible and the defendant's actions constitute a valid waiver." (quoting *Capuzzo v. State*, 596 So. 2d 438, 440 (Fla. 1992))).

5

Further, Florida courts have "long held that '[a] party may not invite error and then be heard to complain of that error on appeal.' " *Doty v. State*, 170 So. 3d 731, 741-42 (Fla. 2015) (alteration in original) (quoting *Cox v. State*, 819 So. 2d 705, 715 (Fla. 2002)).

Here, Mr. Morgan expressly stated, repeatedly, that he did not wish to be present at trial and expressly acknowledged that he was waiving his right to present evidence, to give a closing argument, and to offer input on the jury instructions. The trial court cautioned Mr. Morgan that by not being present at trial, he was "making any sort of appeal . . . very difficult." Mr. Morgan still insisted that he did not want to be present at trial. *Cf. Windh v. State*, 113 So. 3d 150, 151 (Fla. 2d DCA 2013) (holding that the defendant did not waive his right to be present at critical restitution hearing where he was detained by the prison officials and where the trial court did not inquire into the reasons for the defendant's absence from the proceedings).

In this instance, there would be no point in conducting a *Faretta* inquiry at the charge conference because Mr. Morgan was not there to answer any of the questions. The trial court repeatedly asked him if he wanted standby counsel, and Mr. Morgan repeatedly refused the help while also insisting that he did not wish to be present. By refusing to be present at trial, Mr. Morgan waived his appearance and created the situation giving rise to the inability of the trial court to renew the offer of assistance of counsel—thus inviting the very error of which he now complains. Because Mr. Morgan invited the error, he cannot now argue on appeal about the trial court's failure to conduct a subsequent *Faretta* hearing prior to a charge conference that he refused to appear at or participate in. *See Woodbury v. State*, 320 So. 3d 631, 653 n.10 (Fla. 2021) ("Woodbury himself expressly objected to the court delaying the

6

pronouncement of sentence and told the court to proceed directly to sentencing. Thus, the asserted error was invited, and Woodbury may not be heard to complain of it on appeal.").

Affirmed.

LaROSE and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.