877 So.2d 751 (2004)
Adam Corey HOOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4825.
District Court of Appeal of Florida, First District.
May 28, 2004.
Rehearing Denied July 28, 2004.
Nancy A. Daniels, Public Defender; Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Karen Armstrong, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
This is a direct appeal from convictions for first degree murder, armed carjacking, armed robbery, and armed kidnapping. We affirm all four convictions, but reverse appellant's sentence in part and remand for entry of the correct mandatory minimum sentences for armed carjacking, armed robbery, and armed kidnapping, pursuant to section 775.087(2)(a)(3.), Florida Statutes (1999).
The information filed by the State charged that, while committing carjacking, robbery, and kidnapping, appellant carried a firearm, and killed James Edwards by discharging the firearm. After a jury trial, appellant was found guilty as charged, and duly adjudicated. He was sentenced to life in prison on each count. The life sentence for first degree murder was without the possibility of parole, and the life sentences for armed carjacking, armed robbery, and armed kidnapping, while concurrent with one another, were consecutive to the life sentence for murder. As to each count, the trial court "ordered that the LIFE minimum imprisonment provision of section 775.087, Florida Statutes, is hereby imposed for the sentence specified in this count."
The trial court did not err in imposing life sentences for first degree murder, which is a capital felony, see § 782.04(1), Fla. Stat. (1999), kidnapping while using a firearm, § 787.01(2), Fla. Stat. (1999) ("A person who kidnaps a person is guilty of a felony of the first degree, punishable by imprisonment for a term of years not exceeding life."); § 775.087(1)(a), Fla. Stat. (1999) ("Unless otherwise provided by law, whenever a person is charged with a felony ... and during the commission of such *752 felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm ... the felony for which the person is charged shall be reclassified as follows: (a) In the case of a felony of the first degree, to a life felony."), armed robbery, § 812.13(2)(a), Fla. Stat. (1999) ("If in the course of committing the robbery the offender carried a firearm ... then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment."), and armed carjacking. § 812.133(2)(a), Fla. Stat. (1999) ("If in the course of committing the carjacking the offender carried a firearm... then the carjacking is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment.").
While the mandatory minimum life sentence was required for first degree murder, see § 782.04(1), Fla. Stat. (1999); § 775.082(1), Fla. Stat. (1999), the trial court erred in "order[ing] that the LIFE minimum imprisonment provision of section 775.087, Florida Statutes, is hereby imposed" for the kidnapping, robbery, and carjacking counts. See generally Leonard v. State, 760 So.2d 114, 116 n. 4 (Fla.2000) (holding that though Leonard "suffered no prejudice from the erroneous imposition of this illegal sentence because it is to be served concurrently with other sentences that are unchallenged, ... [it] does not mean that it should remain uncorrected"). On those counts, the applicable mandatory minimum sentence is twenty-five years' imprisonment, pursuant to section 775.087(2)(a)(3.), Florida Statutes. § 775.087(2)(a)(3.), Fla. Stat. (1999) ("Any person who is convicted of [robbery, carjacking, or kidnapping], regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony ... discharge[s] a `firearm'... and, as the result of the discharge, death or great bodily harm was inflicted upon any person, ... shall be sentenced to a minimum term of imprisonment of not less than 25 years."). The length of the mandatory minimum term does not depend on whether the non-capital felony is classified as first degree, first degree punishable by life, or life. The Legislature has provided in section 775.087(2)(c), Florida Statutes (1999), that "[i]f the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section."
Accordingly, we affirm the convictions, but reverse the mandatory minimum sentences for armed carjacking, armed robbery, and armed kidnapping, and remand for entry of the mandatory minimum sentences required by section 775.087(2)(a)(3.), Florida Statutes (1999).
BARFIELD and DAVIS, JJ., concur.