933 So.2d 720 (2006)
Altereque L. BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1281.
District Court of Appeal of Florida, Fourth District.
July 26, 2006.
*721 Altereque L. Baker, South Bay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Altereque Baker appeals the denial of his rule 3.800(a) motion to correct an illegal sentence. Appellant argued in part that his sentence for aggravated assault with a firearm was illegal because it exceeded the statutory maximum for a third-degree felony.
In response to an order from this court, the state points out that at the plea hearing, the trial court orally sentenced appellant to the statutory maximum for this offense. The written sentence does not conform to the oral pronouncement.
The state suggests appellant's only remedy is to file a rule 3.850 motion because this court has held that this type of sentencing error cannot be raised in a rule 3.800(a) motion. Campbell v. State, 718 So.2d 886 (Fla. 4th DCA 1998). But, unless it is corrected, the written sentence is an illegal sentence that exceeds the statutory maximum. Even if this error could not be corrected in a rule 3.800(a) motion, appellant's motion could be treated as a rule 3.850 motion because it was under oath and filed within two years after his convictions and sentences became final. See Rinderer v. State, 857 So.2d 955 (Fla. 4th DCA 2003).
Accordingly, we reverse and remand for the trial court to correct the written sentence on count seven so that it conforms to the sentence orally imposed. The denial of appellant's remaining claim is affirmed.
GUNTHER, FARMER and SHAHOOD, JJ., concur.