PER CURIAM.
In this juvenile delinquency case, appellant challenges a restitution order, contending that the trial court erred (1) in holding a restitution hearing in appellant’s absence and (2) ordering restitution without determining the amount appellant might reasonably be expected to pay. We agree and, accordingly, reverse the restitution order and remand for a new restitution hearing.
Appellant was absent from one hearing during which, over an objection by appellant’s counsel, the trial court heard testimony and determined the amount of restitution. A juvenile has a constitutional right to be present at hearings to determine the imposition and amount of restitution absent a voluntary and intelligent waiver of that right. E.g., M.W.G. v. State, 945 So.2d 597, 600 (Fla. 2d DCA 2006); T.A.S. v. State, 892 So.2d 1233, 1234-35 (Fla. 2d DCA 2005); J.B. v. State, 646 So.2d 808 (Fla. 1st DCA 1994). Because appellant was not present and there is nothing to suggest a voluntary and intel *1165 ligent waiver, he is entitled to a new restitution hearing. See M.W.G., 945 So.2d at 600; T.A.S., 892 So.2d at 1235.
The trial court ordered the future payment of restitution without allowing appellant to present evidence as to his future ability to pay or making an express finding regarding future ability to pay. This, too, was error. While a court may order an unemployed or incarcerated delinquent child to pay restitution without a showing of present ability to pay, it must determine what the child might reasonably be expected to earn upon finding suitable employment and base the amount of restitution on those anticipated earnings. E.g., M.W.G., 945 So.2d at 601; R.D.S. v. State, 844 So.2d 720, 720-21 (Fla. 2d DCA 2003); A.J. v. State, 677 So.2d 935, 938 (Fla. 4th DCA 1996); J.A.M. v. State, 601 So.2d 278 (Fla. 1st DCA 1992); J.M.H. v. State, 589 So.2d 394, 395-96 (Fla. 1st DCA 1991).
We reverse the restitution order and remand with directions that the trial court conduct a new restitution hearing.
REVERSED and REMANDED, with directions.
ALLEN, WEBSTER, and BENTON, JJ., concur.