962 So.2d 388 (2007)
Melvin SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4572.
District Court of Appeal of Florida, Fourth District.
August 8, 2007.
Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
No appearance required for appellee.
PER CURIAM.
We affirm the trial court's denial of appellant's motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Neither of the grounds alleged in the motion allege proper subjects of rule 3.800(a) relief.
First, appellant claims that the court placed additional conditions on the plea agreement which were not accepted by appellant.[1] This issue does not go to the legality of the sentence but the validity of the plea or conviction.
Second, appellant objects to being sentenced in absentia when he failed to appear at his sentencing proceeding. Denial of the right to be present at sentencing does not make the resulting sentence illegal for rule 3.800(a) purposes. See, e.g., Patterson v. State, 904 So.2d 593 (Fla. 4th DCA 2005) (affirming denial of rule 3.800(a) motion claiming defendant was sentenced in absentia, without prejudice to raise this issue in a timely rule 3.850 motion); Harris v. State, 789 So.2d 1114 (Fla. 1st DCA 2001) (holding habeas corpus claim of resentencing in absentia was not cognizable either as a rule 3.800(a) or a rule 3.850 motion, though a new sentencing *389 hearing might have been required if direct review of the sentencing order had been sought).
Affirmed.
GUNTHER, WARNER and FARMER, JJ., concur.
NOTES
[1] In any event, the record reflects that the court did not accept the plea until he added the condition that defendant appear for sentencing. The defendant agreed to the plea so stated by the trial court.