979 So.2d 453 (2008)
David W. BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2570.
District Court of Appeal of Florida, Second District.
April 30, 2008.
*454 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
David W. Baker appeals from the trial court's order of restitution stemming from a prosecution for grand theft, use of fraud or false statement to obtain credit or property, and fraudulent use of personal information. Because we agree with Mr. Baker that it was error for the trial court to proceed with the restitution hearing in his absence, we reverse and remand for a new restitution hearing.

FACTS
On November 7, 2006, Mr. Baker pleaded guilty to several charges stemming from his use of false personal information to purchase a truck from Matthews Currie Ford, a car dealership. Mr. Baker was sentenced to sixty days in jail followed by twenty-four months' probation and was ordered to pay restitution, the amount to be determined at a separate hearing, subsequently set for April 9, 2007. The State attempted to notice Mr. Baker of the hearing via the United States mail, but it sent the notice to the wrong address. The State informed Mr. Baker's counsel of the date of the hearing, but counsel was unable to locate his client in time for the hearing.
Mr. Baker did not attend the April 9, 2007, hearing. Despite his absence  and after hearing the prosecutor's admission to sending the notice to the wrong address and defense counsel's inability to contact his clientthe trial court proceeded with the hearing, without making a finding whether Mr. Baker had waived his right to attend. The trial court thus implicitly found that Mr. Baker had voluntarily waived his presence at the hearing. The State then called one witness, a representative from Matthews Currie Ford, who testified regarding the monetary losses to both the dealership and the bank that financed the purchase. Based on this testimony, the trial court imposed the order for substantial restitution that Mr. Baker *455 appeals, claiming error for the trial court to have proceeded in his absence.

DISCUSSION
"A defendant has the constitutional right to be present at all stages of the trial at which fundamental fairness might be thwarted by his absence." M.W.G. v. State, 945 So.2d 597, 599-600 (Fla. 2d DCA 2006) (citing Coney v. State, 653 So.2d 1009, 1013 (Fla.1995)). A restitution hearing has long been considered such a stage. Id. at 600. Therefore, unless the State can show that a defendant knowingly and voluntarily waived his right to be present at his restitution hearing, it is error to proceed in his absence. Id.; Miller v. State, 833 So.2d 318, 319 (Fla. 2d DCA 2003).
A defendant's waiver of the right to be present at all stages of the proceedings may be express, or it may be implied from the defendant's voluntary absence. Capuzzo v. State, 596 So.2d 438, 439-40 (Fla.1992); Miller, 833 So.2d at 319. In order for a defendant to voluntarily absent himself from a hearing, a defendant must have had notice of the hearing and intentionally avoided it or left the court during the proceeding. Capuzzo, 596 So.2d at 440.
Here, the State presented no evidence to show that Mr. Baker expressly waived his right to appear at the restitution hearing or that he knew of the hearing and voluntarily absented himself from it. The State instead concedes that it sent the notice to the wrong address and was relying on Mr. Baker's counsel to inform his client of the hearing, which counsel was unable to do. This evidence is insufficient to carry the State's burden to show a voluntary and knowing waiver.
Because no evidence showed that Mr. Baker had actual notice or other knowledge of the restitution hearing, we conclude that it was error for the trial court to implicitly find that he had waived his presence and to conduct the hearing in his absence. In the absence of such waiver, the result of the hearing cannot stand. We acknowledge and appreciate the State's concession of error.
Accordingly, we reverse the order imposing restitution and remand with instructions to hold a new restitution hearing with proper notice to Mr. Baker.
Reversed and remanded with instructions.
CANADY and LaROSE, JJ., Concur.