985 So.2d 63 (2008)
Ray Anthony DONALDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-820.
District Court of Appeal of Florida, Second District.
June 20, 2008.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
*64 WALLACE, Judge.
Ray Anthony Donaldson appeals the postconviction court's denial of his motion that challenged two orders requiring him to pay restitution.[1] We affirm without discussion the postconviction court's denial of all grounds asserted in Mr. Donaldson's motion except the ground concerning the trial court's decision to conduct the hearing in his absence. As to this claim, we reverse the postconviction court's order denying Mr. Donaldson's motion.
Mr. Donaldson pleaded guilty to one count of aggravated battery. He was sentenced to five years in prison followed by five years' probation and was ordered to pay restitution, with the amount to be determined at a subsequent hearing. Mr. Donaldson was not present at the restitution hearing, and the circuit court imposed restitution without making a finding that Mr. Donaldson had waived his right to be present. He filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) claiming, among other things, that the circuit court erred by imposing restitution despite his absence from the hearing. Mr. Donaldson appeals the postconviction court's order denying his motion to correct illegal sentence.
As a preliminary matter, we observe that this issue is not cognizable in a rule 3.800(a) motion. See Scott v. State, 962 So.2d 388, 388 (Fla. 4th DCA 2007) ("Denial of the right to be present at sentencing does not make the resulting sentence illegal for rule 3.800(a) purposes."); Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991) ("[Rule 3.800(a)] is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process."). Rather, this issue is properly considered in a motion filed under Florida Rule of Criminal Procedure 3.850. See Zuluaga v. State, 793 So.2d 60 (Fla. 4th DCA 2001) (ruling on a claim of improper sentencing in absentia raised in a rule 3.850 motion). Because Mr. Donaldson's motion was properly sworn and was filed within the time limitations of rule 3.850, we treat his motion as if filed under rule 3.850. See Baker v. State, 933 So.2d 720, 721 (Fla. 4th DCA 2006).
A criminal defendant's presence is required "at any stage of the criminal proceeding that is critical to its outcome if [the defendant's] presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). The right to be present applies to hearings where restitution is imposed and the amount of restitution is determined. M.W.G. v. State, 945 So.2d 597, 599-600 (Fla. 2d DCA 2006). If the defendant waives his presence at the restitution hearing, "the court must determine that the defendant's waiver . . . is knowing, intelligent, and voluntary." Id. at 600 (citing Coney v. State, 653 So.2d 1009, 1013 (Fla. 1995)). The State properly concedes that Mr. Donaldson was not present at the hearing and that the trial court failed to make the necessary inquiry. Consequently, the postconviction court should have granted Mr. Donaldson's motion on this ground, set aside the restitution orders, and granted him a new restitution hearing.
Accordingly, we affirm in part, reverse in part, and remand for a new restitution *65 hearing at which Mr. Donaldson shall be entitled to be present.
Affirmed in part, reversed in part, and remanded with instructions.
LaROSE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Mr. Donaldson's appellate counsel initially filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because we determined that several issues of potential merit existed concerning the entry of the restitution orders, we ordered supplemental briefing in accordance with Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).