989 So.2d 1235 (2008)
C.Y., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3608.
District Court of Appeal of Florida, Fourth District.
September 10, 2008.
*1236 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the state's motion for rehearing, but withdraw our previous opinion filed July 9, 2008, and substitute the following opinion in its place.
C.Y. appeals from a restitution order. The record reflects that C.Y. did not knowingly and intelligently waive his right to be present at his restitution hearing. We, therefore, reverse and remand for a new restitution hearing.
"A juvenile has a constitutional right to be present at hearings to determine the imposition and amount of restitution absent a voluntary and intelligent waiver of that right." I.M. v. State, 955 So.2d 1163, 1164 (Fla. 1st DCA 2007) (citing M.W.G. v. State, 945 So.2d 597, 600 (Fla. 2d DCA 2006)); T.A.S. v. State, 892 So.2d 1233, 1234-35 (Fla. 2d DCA 2005); J.B. v. State, 646 So.2d 808 (Fla. 1st DCA 1994). There is no basis in the record for concluding that C.Y.'s absence from the restitution hearing constituted a waiver of his right to be present. "In order for a defendant to voluntarily absent himself from a hearing, a defendant must have had notice of the hearing and intentionally avoided it or left the court during the proceeding." Baker v. State, 979 So.2d 453, 455 (Fla. 2d DCA 2008) (citing Capuzzo v. State, 596 So.2d 438, 440 (Fla.1992)).
The trial court concluded that C.Y. had absconded because the sheriff tried to serve the juvenile with the date of the restitution hearing at the last address the juvenile had given, which turned out to be a "bad address." The state argues that C.Y.'s failure to inform the court of his correct address while he was on probation and while a restitution hearing was pending constitutes substantial competent evidence that C.Y. waived his presence at the restitution hearing. However, there was no sworn evidence about C.Y.'s absence or of an intent to flee the jurisdiction.[1]
*1237 We also note the absence of findings concerning the juvenile's ability to earn and to pay. Section 985.437(2), Florida Statutes, provides that the amount of restitution in a juvenile case "may not exceed an amount the child and the parent or guardian could reasonably be expected to pay or make." K.T.M. v. State, 969 So.2d 542, 543 (Fla. 2d DCA 2007); see also J.K. v. State, 695 So.2d 868, 870 (Fla. 4th DCA 1997) (citing the predecessor statute).
STONE, FARMER and KLEIN, JJ., concur.
NOTES
[1] See Capuzzo, 596 So.2d at 440 ("Where a defendant absents himself or herself by fleeing the court's jurisdiction, that defendant cannot claim lack of an express waiver. In such circumstances, securing an express waiver is impossible and the defendant's actions constitute a valid waiver.").