DAVIS, Judge.
Diana K. Thar appeals her judgment and sentence for grand theft specifically challenging the trial court’s order setting restitution and order denying her motion for rehearing on the order setting restitution. Because there is nothing in the record to show that Thar received actual no *1205 tice of the restitution hearing and because the trial court failed to allow her to testify to that effect at the hearing on her motion for rehearing, we reverse the order of restitution and remand for the trial court to reconsider the issue of restitution after conducting a properly noticed evidentiary hearing at which Thar has an opportunity to be heard.
Thar entered a plea of no contest to the charge of grand theft. In imposing sentence, the trial court placed Thar on probation and reserved the right to set restitution at a later date. A restitution hearing was held on January 28, 2008. Thar was not present at this hearing, but her counsel, who was present, informed the court that he had left a message at Thar’s last known telephone number, adr vising her of the hearing. The State presented evidence on the amount of restitution, and the trial court ruled that Thar’s failure to appear constituted a default and that Thar had waived her opportunity to attend the restitution hearing and to contest the imposition of the restitution order. The trial court then orally imposed restitution in the amount of $1655. The amount was noted on the minutes from the hearing and signed by the judge.
On February 18, 2008, Thar moved for a rehearing on the restitution amount. Thar’s written motion indicated that Thar’s counsel had received notice of the hearing but that he had not forwarded that notice to her by mail because counsel did not have a current address for Thar. The motion further stated that counsel had left two telephone messages regarding the hearing at a number he had previously used to reach Thar but that Thar “contaet-ed the undersigned attorney after the restitution hearing had been concluded and advised that she did not receive notice of the hearing since the telephone number was no longer hers.”
On February 20, 2008, the trial court conducted a hearing on the motion for rehearing. The trial court asked defense counsel if he had any evidence that the telephone number no longer belonged to Thar. When defense counsel replied that Thar could testify to that fact, the trial court indicated that it would not accept her testimony but wanted “independent proof.” The court then denied the motion. This denial was also noted on the minutes for the hearing[1] and signed by the judge.
“[Ujnless the State can show that a defendant knowingly and voluntarily waived his right to be present at his restitution hearing, it is error to proceed in his absence.” Baker v. State, 979 So.2d 453, 455 (Fla. 2d DCA 2008). Such a waiver “may be express, or it may be implied from the defendant’s voluntary absence.” Id.
In the instant case, the State presented no evidence that Thar voluntarily waived her presence at the hearing. This combined with the trial court’s refusal to allow Thar to testify at the hearing on her motion for rehearing left the record silent on the issue of the voluntariness of her failure to appear. Furthermore, if the trial court was going to rely on the probationary requirement that Thar notify the State about her changes in address and telephone number, sworn evidence to that effect should have been presented. See C.Y. v. State, 989 So.2d 1235 (Fla. 4th DCA 2008).
*1206 Accordingly, it was error for the trial court to find that Thar had waived her presence at the hearing and to set a restitution amount without allowing her the opportunity to be heard. We reverse the order of restitution and remand for the trial court to hold a new restitution hearing with proper notice to Thar.
Reversed and remanded.
SILBERMAN, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.

. While neither party raises issue with the practice of judges signing minutes rather than formally rendering orders, we note that a trial court’s use of and reliance on such documents as rendered orders is a practice this court does not encourage. Cf. Woods v. State, 987 So.2d 669 (Fla. 2d DCA 2007); Braswell v. State, 804 So.2d 523 (Fla. 2d DCA 2001); Monroe v. State, 760 So.2d 289 (Fla. 2d DCA 2000); Peterson v. State, 730 So.2d 830 (Fla. 2d DCA 1999).