ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 PER CURIAM.
 

 This case is before us on remand from the Supreme Court of Florida for reconsideration following its decision in
 
 Yisrael v. State,
 
 993 So.2d 952 (Fla.2008). After reviewing the record and the State’s response to our order to show cause, we find that neither the record attachments to the defendant’s motion nor the record on appeal establish the required qualifications for the defendant’s designation as a prison releasee reoffender (PRR). The record fails to show that a Time and Crime Report was attached to a signed and sealed release date letter in this case.
 

 Nonetheless, we affirm the trial court’s order summarily denying the motion to correct illegal sentence because the defendant failed to allege in his 3.800(a) motion that the release date letter misstated the date of his release and that his actual date of release made him ineligible for PRR sanctions. The defendant did not establish that his sentence was illegal under rule 3.800(a) for that reason.
 
 See Ives v. State,
 
 993 So.2d 117 (Fla. 4th DCA 2008).
 
 See also Dover v. State,
 
 797 So.2d 1246 (Fla.2001). Rule 3.800(a) is not intended for challenges made to the procedures used to impose the punishment. A similar challenge to the procedures used to qualify a defendant for PRR sentencing based on
 
 Yisrael
 
 was rejected as improper under rule 3.800(a) by this Court in
 
 Ives v. State,
 
 993 So.2d 117 (Fla. 4th DCA 2008).
 
 See also Williams v. State,
 
 982 So.2d 1234 (Fla. 4th DCA 2008).
 

 Affirmed.
 

 WARNER, MAY and LEVINE, JJ., concur.