PER CURIAM.
Appellant challenges the restitution order entered after hearing during which he was not present. We reverse.
“A juvenile has a constitutional right to be present at hearings to determine the imposition and amount of restitution absent a voluntary and intelligent waiver of that right.” I.M. v. State, 955 So.2d 1163, 1164 (Fla. 1st DCA 2007). The State bears the burden of proving that Appellant knowingly and voluntarily waived his right to be present. Thar v. State, 8 So.3d 1204, 1205 (Fla. 2d DCA 2009). Here, indisputably, Appellant did not receive notice of the hearing, nor did he waive his right to be heard.
Appellant also challenges the award of restitution for the value of personal property removed from the stolen vehicle. The record before us fails to establish that Appellant’s crime was the cause of this loss. See L.R.L. v. State, 9 So.3d 714, 715 (Fla. 2d DCA 2009) (quoting § 985.437(2), Fla. Stat. (2007)).
Accordingly, we reverse the restitution order and remand this cause for further proceedings.
REVERSED AND REMANDED.
MONACO, C.J., TORPY and JACOBUS, JJ„ concur.