ON MOTION FOR REHEARING

PER CURIAM.
We grant the State’s motion for rehearing, withdraw our prior opinion, and substitute the following in its place.
*323 The appellant was convicted of one count of first-degree murder, two counts of armed robbery, and one count of armed burglary. He was sentenced to concurrent terms of life imprisonment with a mandatory minimum sentence of life imprisonment. In our prior opinion, we affirmed the convictions, but reversed and remanded the mandatory minimum sentences of life for the armed robbery and armed burglary convictions and remanded for the entry of mandatory minimum sentences of 25 years instead. Based on Hoover v. State, 877 So.2d 751 (Fla. 1st DCA 2004), we held that section 775.087(2)(a)3., Florida Statutes (2008), provided that a defendant who discharged a firearm during the commission of certain enumerated felonies, including robbery and burglary, and, as the result of the discharge, caused the death of any person, could not be sentenced to a mandatory minimum sentence of more than 25 years. However, we are now constrained to affirm the sentences based on the Florida Supreme Court’s decision in Mendenhall v. State, 48 So.3d 740 (Fla.2010), holding that section 775.087(2)(a)3. gives the trial court the discretion to impose a mandatory minimum sentence anywhere within the range of 25 years to life.
AFFIRMED.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.