KELLY, Judge.
Henry Lee Bryant, Jr., appeals from the order modifying his probation and entering a $1200 restitution lien. He argues that he was denied due process because he was not notified of the restitution hearing. We agree and reverse.
The Department of Corrections filed a request to modify Bryant’s probation to require him to pay for damaged monitoring equipment. A hearing was held in haste without Bryant’s presence because the State recognized that Bryant’s term of probation was about to expire and jurisdiction over him would be lost. The defense objected to proceeding with the hearing in Bryant’s absence. The defense also argued that the State had failed to present any evidence of the cost of the monitoring device. Over the defense’s objections, the trial court modified Bryant’s probation and imposed a $1200 lien.
“It is well settled that a defendant has the constitutional right to be present at a restitution hearing.” C.C.N. v. State, 1 So.3d 1151, 1152 (Fla. 2d DCA 2009). The State concedes that there was no evidence that Bryant had notice of the hearing or that he voluntarily waived his presence. See M.W.G. v. State, 945 So.2d 597, 600 (Fla. 2d DCA 2006) (“The State has the burden of proving that the defendant knowingly and voluntarily waived the right to be present” at a restitution hearing). The State also acknowledges that no evidence was presented to establish the amount of the lien. See Noonan v. State, 709 So.2d 635 (Fla. 2d DCA 1998) (reversing an order of restitution where no evidence was offered as to the amount of restitution other than the State’s representation of the amount claimed).
Accordingly, we vacate the order modifying Bryant’s probation and imposing the lien.
Reversed.
ALTENBERND and YILLANTI, JJ„ Concur.