VILLANTI, Judge.
John E. Windh appeals his conviction and sentence for one count of manslaughter. We affirm Windh’s conviction and fifteen-year prison sentence without further comment; however, we reverse the restitution order and remand for further proceedings because nothing in the record shows that Windh waived his right to be present at the restitution hearing.[1]
*151 At the conclusion of Windh’s sentencing hearing, the State requested that the trial court award restitution in favor of the victim’s family to cover the victim’s burial expenses. The trial court stated that it was “not sure whether that would be an appropriate item of restitution,” so it scheduled a “restitution status check” for several weeks later. On the date of the scheduled status check, Windh’s counsel appeared in court, but the record shows that Windh was not present. No explanation was given for Windh’s absence, and the State offered no evidence to establish that Windh had waived his presence at the restitution “status check.”
Despite Windh’s unexplained absence, the trial court proceeded to address the State’s request for restitution. The prosecutor told the court that he had spoken with the victim’s father, who told the prosecutor that he had paid $3000 for funeral expenses. The State offered no testimony or documentary evidence to support its claim for this amount of restitution. Defense counsel responded only that he did not “have anything to dispute that figure.” The trial court then entered an order that required Windh to pay $8000 in restitution to the victim’s family.
Pursuant to the Sixth Amendment, a criminal defendant has a right to be present “ ‘at any stage of the criminal proceeding that is critical to its outcome if [the defendant’s] presence would contribute to the fairness of the procedure.’” Donaldson v. State, 985 So.2d 63, 64 (Fla. 2d DCA 2008) (quoting Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987)); see also Coney v. State, 653 So.2d 1009, 1013 (Fla.1995); Baker v. State, 979 So.2d 453, 455 (Fla. 2d DCA 2008). A restitution hearing is considered such a critical stage of criminal proceedings. Donaldson, 985 So.2d at 64; Baker, 979 So.2d at 455; M.W.G. v. State, 945 So.2d 597, 600 (Fla. 2d DCA 2006). Hence, “ ‘unless the State can show that a defendant knowingly and voluntarily waived his right to be present at his restitution hearing, it is error to proceed in his absence.’ ” Thar v. State, 8 So.3d 1204, 1205 (Fla. 2d DCA 2009) (quoting Baker, 979 So.2d at 455); see also J.A. v. State, 46 So.3d 1191, 1191 (Fla. 5th DCA 2010) (noting that “[a] juvenile has a constitutional right to be present at hearings to determine the imposition and amount of restitution absent a voluntary and intelligent waiver of that right” (quoting I.M. v. State, 955 So.2d 1163,1164 (Fla. 1st DCA 2007))).
Here, Windh was in custody at the time of the restitution status check and thus was at the mercy of jail and/or prison officials to arrange for his appearance at the restitution hearing. Apparently no arrangements were made, and Windh was not present for this critical stage of the proceedings. The trial court made no inquiry as to the reason for Windh’s absence; hence, nothing in the record establishes that Windh knowingly and voluntarily waived his right to be present at that hearing. It was therefore reversible error for the trial court to proceed with the hearing and award restitution in Windh’s- absence. Accordingly, we reverse the order imposing restitution and remand for a new restitution hearing at which Windh must either be present or the State must present evidence that Windh’s presence has been knowingly and voluntarily waived.
Finally, we also note that should the State again choose to seek restitution on *152 remand, it must present admissible evidence to support the amount of the award. See Glaubius v. State, 688 So.2d 913, 916 (Fla.1997) (holding that an award of restitution “must be based on competent evidence”); Justice v. State, 944 So.2d 538, 540 (Fla. 2d DCA 2006) (“ ‘Representations by an attorney for one of the parties regarding the facts ... do not constitute evidence.’ ” (quoting Eight Hundred, Inc. v. Fla. Dep’t of Revenue, 837 So.2d 574, 576 (Fla. 1st DCA 2003))); T.J.N. v. State, 977 So.2d 770, 773-74 (Fla. 2d DCA 2008) (holding that hearsay evidence may not be used to determine the amount of restitution over a defendant’s objection).
Affirmed in part, reversed in part, and remanded for further proceedings.
NORTHCUTT and WALLACE, JJ., Concur.

. Windh’s counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); however, counsel identified Windh’s absence from the resti *151 tution hearing as a minor sentencing issue that could be raised in such a brief. See In re Anders Briefs, 581 So.2d 149, 152 (Fla.1991).