LaROSE, Judge.
In this Anders [1] appeal, Simon Holmes argues that the trial court erred in imposing restitution. He claims that he received no notice of the restitution hearing and did not waive his presence at the hearing. We have jurisdiction. See U.S. Const. Am. VI; Baker v. State, 979 So.2d 453, 455 (Fla. 2d DCA 2008); Fla. R.App. P. 9.140(b)(1)(G). We reverse, in part, and remand for a new restitution hearing with proper notice to Mr. Holmes. In all other respects, we affirm Mr. Holmes’ judgment and sentence for DUI manslaughter. See Fla. R.App. P. 9.140(b)(2)(A)(i)-(ii).
Mr. Holmes pleaded guilty in September 2011. His plea form recites that he agreed to restitution in the amount of “$ T.B.D.” The form also provides that if the amount of restitution was not decided on the day of his plea, he “waive[s] any right to notice [and hearing] which I may have before such restitution may be imposed.”
*448 The plea form, as it relates to restitution, is not signed or initialled by Mr. Holmes. The plea colloquy did not address the provision in any respect. At the plea hearing, Mr. Holmes’ counsel noted that he would likely file an objection to the restitution amounts. Indeed, several days later, counsel filed a written objection and requested a restitution hearing. On October 10, 2011, the trial court held a “restitution status check” and entered a restitution order of over $60,000. The trial court noted Mr. Holmes’ absence but did not inquire whether Mr. Holmes had been noticed or had waived his right to be present. Our record reflects no notice to or waiver by Mr. Holmes. The record suggests that Mr. Holmes may have been on his way to state prison at the time of the hearing. Mr. Holmes timely filed his notice of appeal.
As we stated in Baker,
“A defendant has the constitutional right to be present at all stages of the trial at which fundamental fairness might be thwarted by his absence.” M.W.G. v. State, 945 So.2d 597, 599-600 (Fla. 2d DCA 2006) (citing Coney v. State, 653 So.2d 1009 1013 (Fla.1995)). A restitution hearing has long been considered such a stage. Id. at 600. Therefore, unless the State can show that a defendant knowingly and voluntarily waived his right to be present at his restitution hearing, it is error to proceed in his absence. Id.; Miller v. State, 833 So.2d 318, 319 (Fla. 2d DCA 2003).
979 So.2d at 455; see also Windh v. State, 113 So.3d 150, 151 (Fla. 2d DCA 2013) (holding that pursuant to the Sixth Amendment, a criminal defendant has a right to be present at a restitution hearing as it is a critical stage of criminal proceedings); Bryant v. State, 99 So.3d 607 (Fla. 2d DCA 2012) (holding that imposing restitution as a lien constituted reversible error where there was no evidence that defendant, who was not present at the restitution hearing, had received notice of the hearing or voluntarily waived his presence, and there was no evidence presented to establish the amount of the lien); C.C.N. v. State, 1 So.3d 1151 (Fla. 2d DCA 2009) (stating that a defendant has the constitutional right to be present at a restitution hearing; for effective waiver of that right and presence through counsel, court must conduct proper inquiry to determine that waiver is knowing, intelligent, and voluntary; State also must offer proper evidence to show that defendant was given actual notice of hearing).
Nothing in our record suggests that Mr. Holmes waived his right to appear at the restitution hearing or that he even knew of the hearing. The State did not suggest that it had noticed Mr. Holmes and Mr. Holmes’ counsel did not suggest that he had informed his client of the hearing. The evidence was insufficient to carry the State’s burden to show a voluntary and knowing waiver. See Baker, 979 So.2d at 455.
Because it was error for the trial court to conduct the hearing in Mr. Holmes’ absence, we must reverse the restitution order. At a new restitution hearing, Mr. Holmes must either be present or the State must present evidence that Mr. Holmes has knowingly and voluntarily waived his presence. See Windh, 113 So.3d 150. Furthermore, if the State seeks restitution on remand, it must do so based on admissible evidence to support the amount of the award. Id.
Affirmed in part, reversed in part, and remanded for further proceedings.
NORTHCUTT and SILBERMAN, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We struck the initial and answer Anders briefs with directions to counsel to address the restitution issue. The amended Anders briefs tangentially address Mr. Holmes’ rights. See Windh v. State, 113 So.3d 150, 150 n. 1 (Fla. 2d DCA 2013).