NORTHCUTT, Judge.
Mason Pierce appeals a restitution order entered after a hearing in Pierce’s absence. We reverse.
Pierce entered no contest pleas in two cases involving the same victim. When accepting the pleas, the circuit court ordered $15 in restitution in one case and reserved jurisdiction to determine restitution in the other. At the subsequent hearing, the assistant public defender who had represented Pierce at the change-of-plea proceeding was present, but Pierce was not. The public defender was unaware of Pierce’s whereabouts and did not know whether Pierce had received notice of the hearing. Over the public defender’s objection, the court conducted the hearing in Pierce’s absence and entered a restitution award of $1070.
A restitution hearing is a critical stage of a criminal proceeding, and a defendant has a Sixth Amendment right to be present. Windh v. State, 113 So.3d 150, 151 (Fla. 2d DCA), review denied, No. SC13-1250, 2013 WL 6331684 (Fla. Dec. 4, 2013). “[U]nless the State can show that a defendant knowingly and voluntarily waived his right to be present at his restitution hearing, it is error to proceed in his absence.” Id. (quoting Thar v. State, 8 So.3d 1204, 1205 (Fla. 2d DCA 2009)).
To prove such a knowing and voluntary waiver, the State must establish that the defendant had notice of the hearing and that he intentionally did not appear or that he left the court during the proceeding. Baker v. State, 979 So.2d 453, 455 (Fla. 2d DCA 2008) (reversing restitution order entered after a hearing conducted in defendant’s absence; prosecutor admitted mailing notice to wrong address and defense attorney had been unable to locate client in time, so no evidence showed defendant had actual notice or knowledge of hearing and therefore did not show he waived his presence); see also Holmes v. State, 117 So.3d 447, 448 (Fla. 2d DCA 2013) (reversing restitution order entered after hearing conducted in defendant’s absence because nothing suggested defendant had notice or had waived his presence: “The State did not suggest that it had noticed Mr. Holmes and Mr. Holmes’ counsel did not suggest that he had informed his client of the hearing.”); M.W.G. v. State, 945 So.2d 597 (Fla. 2d DCA 2006) (reversing restitution order entered after hearing conducted in defendant’s absence; although record showed that defendant had been given notice of hearing date, State failed to carry its bur *1188 den of showing defendant knowingly and voluntarily waived right to be present).
In this case there was no showing that Pierce received notice of the hearing, and the State presented no evidence to show that he waived his right to be present. See Donaldson v. State, 985 So.2d 63, 64 (Fla. 2d DCA 2008) (noting that State properly conceded error in restitution order when the defendant had not been present for the restitution hearing and the circuit court failed to determine that the defendant’s waiver of his presence was knowing, intelligent, and voluntary). The State contends that Pierce failed to preserve this issue by filing a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). But it was unnecessary for Pierce to do so because the error was preserved by the public defender’s objection at the hearing. See Fla. R. Crim. P. 3.800 (court cmt.) (“A motion pursuant to this rule is needed only if the sentencing error has not been adequately preserved for review at an earlier time in the trial court.”). We reverse and remand for a new restitution hearing.
Reversed.
VILLANTI and WALLACE, JJ., Concur.