FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NICHOLAS R. BISHOP,    )
          )
    Appellant,   )
          )
v.          )  Case No. 2D13-4970
          )
STATE OF FLORIDA,    )
          )
    Appellee.   )
          )

Opinion filed July 25, 2014.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Howard L. Dimmig, II, Public Defender, and
Maggie Jo Hilliard, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellee.


DAVIS, Chief Judge.

    Nicholas Bishop challenges the order of restitution entered after he

pleaded no contest to burglary of an unoccupied dwelling.[1]  The trial court sentenced

---

    [1]Bishop entered a consolidated plea to two counts of burglary of an
unoccupied dwelling that were charged in two separate circuit court cases.  The

him to fifteen years of probation and subsequently ordered him to pay $8000 in restitution as a condition of probation. However, Bishop was not present at the restitution hearing, and our record does not show that he voluntarily waived his right to be present at the restitution hearing. We therefore reverse the order of restitution and remand for the trial court to hold a new restitution hearing at which Bishop has the right to be present.

The record before us indicates that counsel for Bishop's codefendant and the State appeared at the restitution hearing but that neither Bishop nor his counsel were present. The prosecutor informed the court that based on a secretarial notation, he believed that notice to Bishop and his counsel was effectuated by an email to Bishop's counsel. There was also a notation in the trial record that counsel was provided with notice of the hearing. Based on this information, the trial court proceeded with the hearing, at which the victim testified about the amount of cash taken from him during the burglary and a restitution amount was set.

Bishop argues on appeal that the trial court erred by proceeding with the hearing in his absence. The State, however, asserts that under these facts, the notice provided to Bishop's counsel was sufficient to allow the trial court to proceed with the restitution hearing in the absence of Bishop and his counsel.[2]

---

restitution order being challenged in this appeal was entered in circuit court case 2012-CF-001979 and addressed the losses suffered by the victim in that case only.

[2]The State acknowledges that due to Bishop's incarceration at the time of the hearing, his presence required the State to assist in transporting him to the hearing. The State also acknowledges that the record does not indicate that the trial court or the State was aware of or addressed Bishop's incarceration during the notice discussion that occurred at the restitution hearing.

The State is correct that the record contains sufficient evidence from which the trial court could conclude that notice of the hearing was effectuated on Bishop's attorney and consequently effectuated on Bishop constructively. Under these facts, Bishop's counsel could have appeared at the hearing and represented Bishop's interests. "A defendant may waive this right and exercise constructive presence through counsel, but the court must conduct the proper inquiry before the proceedings commence to 'determine that the defendant's waiver of the right to be present is knowing, intelligent, and voluntary.' " C.C.N. v. State, 1 So. 3d 1151, 1152 (Fla. 2d DCA 2009) (quoting M.W.G. v. State, 945 So. 2d 597, 600 (Fla. 2d DCA 2006)). The State has the burden to show the voluntary nature of the defendant's waiver, and such burden exists regardless of whether notice is at issue or whether defendant's counsel is present at the hearing. See, e.g., Pierce v. State, 133 So. 3d 1186, 1187-88 (Fla. 2d DCA 2014). Thus, even if Bishop's counsel had appeared before the trial court at the hearing in the capacity of constructively representing Bishop's interests, the trial court still would have been required to determine the knowing, intelligent, and voluntary nature of Bishop's absence before proceeding. See id.; M.W.G., 945 So. 2d at 600. And the fact that Bishop's counsel received notice but failed to appear at the hearing does not negate the State's burden of establishing Bishop's waiver in this regard.

Because it was error for the trial court to proceed in Bishop's absence when the State did not meet its burden of proving that Bishop knowingly, intelligently, and voluntarily waived his right to be present, we reverse the order of restitution and remand for the trial court to conduct a new restitution hearing at which Bishop has the right to be present.

Reversed and remanded.


VILLANTI and SLEET, JJ., Concur.