NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

C.W.,                                    )
                                         )
              Appellant,                 )
                                         )
v.                                       )        Case No. 2D13-6156
                                         )
STATE OF FLORIDA,                        )
                                         )
              Appellee.                  )
                                         )
_____  )

Opinion filed November 7, 2014.

Appeal from the Circuit Court for Polk
County; J. Michael McCarthy, Judge.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


CRENSHAW, Judge.

              C.W., a minor, appeals from a judgment and restitution order after he

entered a plea of no contest to grand theft.  He was adjudicated delinquent and placed

on probation for a period not to exceed his nineteenth birthday and restitution was

ordered to be paid in the amount of $664 at a rate of $25 monthly. On appeal, C.W. argues that it was error to hold the restitution hearing without his presence and that the court failed to find that C.W. had the ability to pay. As our ruling on his presence is dispositive, we do not reach the issue of ability to pay.

The State agrees that the law precludes conducting a restitution hearing without the defendant's presence, unless waived, but does not agree that C.W. was not present. However, the record in this case affirmatively reveals that C.W. was not present at the restitution hearing and the State concedes that if C.W. was not present and had not waived his presence, reversal is required. See Bishop v. State, 143 So. 2d 1073, 1075 (Fla. 2d DCA 2014). The burden to prove waiver is on the State. Id. (citing Pierce v. State, 133 So. 3d 1186, 1187-88 (Fla. 2d DCA 2014)). The State did not do so.

Because the record is clear that C.W. was not present at his restitution hearing and the State has failed to meet its burden that C.W. waived his right to be present, we reverse the restitution order and remand for a new hearing.

Reversed and remanded.

CASANUEVA and SLEET, JJ., Concur.