DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES GRAHAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4271

[March 18, 2015]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. 07-013655CF10A.

James Graham, Century, pro se.

No appearance required for appellee.

PER CURIAM.

James Graham appeals the denial of a rule 3.800(a) motion to correct an illegal sentence. We affirm as none of the claims have merit.

Graham was convicted of first-degree murder and sentenced to life in prison. In his rule 3.800(a) motion, he raised three claims. Claims one and three alleged that he should not have received a mandatory minimum sentence of life in prison and instead should have been sentenced to life in prison with a twenty-five-year mandatory minimum. He mistakenly relies on *Dean v. State*, 36 Fla. L. Weekly D172 (Fla. 1st DCA Jan. 24, 2011), which was withdrawn on motion for rehearing. In *Dean*, the First District initially reversed a mandatory minimum of life in prison for armed robbery and armed burglary. *Dean v. State*, 58 So. 3d 322, 323 (Fla. 1st DCA 2011). On rehearing, it withdrew the original opinion and concluded that based on *Mendenhall v. State*, 48 So. 3d 740 (Fla. 2010), the trial court could impose a mandatory minimum sentence "within the range of 25 years to life" under section 775.087(2)(a)3., Florida Statutes (2008), where the discharge of a firearm during an enumerated offense caused death. *Dean*, 58 So. 3d at 323. Graham is convicted of a capital offense, and because he did not receive the death

penalty, the only possible sentence is life without parole. § 775.082(1), Fla. Stat. (2007). The mandatory life sentence is not illegal.

Graham's second claim alleged that he was denied due process when the court ordered restitution without holding a separate restitution hearing and by failing to determine that he has the ability to pay. The alleged error in imposing restitution does not result in an illegal sentence because it does not impose a "'kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.'" *See Carter v. State*, 786 So. 2d 1173, 1181 (Fla. 2001) (quoting *Blakley v. State*, 746 So. 2d 1182, 1187 (Fla. 4th DCA 1999)). Rule 3.800(a) "is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process." *Judge v. State*, 596 So. 2d 73, 77 (Fla. 2d DCA 1991); *see also Jerry v. State*, 15 So. 3d 812, 813 (Fla. 4th DCA 2009). The motion was not under oath, and the claim of trial court error would be procedurally barred from being raised in a rule 3.850 motion. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). In addition, the court was not required to determine his ability to pay at the time it imposed restitution. *Del Valle v. State*, 80 So. 3d 999, 1006 (Fla. 2011).

Accordingly, we affirm the denial of appellant's rule 3.800(a) motion.

*Affirmed.*

GROSS, GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2