NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROGER HEARE, DOC #R79058,          )
                                   )
          Appellant,               )
                                   )
v.                                 )          Case No. 2D18-2630
                                   )
STATE OF FLORIDA,                  )
                                   )
          Appellee.                )
_____)

Opinion filed October 16, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Pat Siracusa, Judge.


SALARIO, Judge.

        Roger Heare appeals from a final order summarily denying a motion for

postconviction relief by which he sought to have a restitution order vacated on the

theory, among other things, that he did not receive notice of and was not present at the

restitution hearing.  The postconviction court concluded that these allegations were not

cognizable under Florida Rule of Criminal Procedure 3.800(a), were facially insufficient

and untimely under rule 3.850, and were refuted by the record.  Although we find no

error in the summary denial under rule 3.800(a), we hold that Mr. Heare should be

provided an opportunity to amend one portion of his motion to present a claim under rule 3.850.

In 2013, Mr. Heare pleaded guilty to throwing a deadly missile at, within, or into a building, armed trespass, two counts of criminal mischief, obstructing or resisting an officer without violence, and violation of a domestic violence injunction. He was sentenced to time served on the misdemeanor counts and to three years of probation on the felonies. Shortly after he was sentenced, the trial court entered a restitution order naming three victims and specifying restitution amounts Mr. Heare was obligated to pay to each. The need for restitution flowed from the fact that Mr. Heare's criminal conduct led to the destruction of property.

Mr. Heare later violated his probation. It was revoked in 2014 and concurrent, twenty-month prison terms were imposed on the four felony counts. Mr. Heare did not appeal either his original conviction and sentence or the revocation of his probation. In April 2018, however, Mr. Heare filed an unsworn postconviction motion seeking to vacate the 2013 restitution order.

Mr. Heare's motion did not identify a specific postconviction rule under which he sought relief or provide legal argument as to why he was entitled to it. He simply alleged (1) that one of the people identified as a victim to whom restitution was to be paid by the restitution order—we refer to him as S.N.—was not in fact a victim in his case and (2) that he never received notice of and was not present at the restitution hearing such that he might have challenged the restitution determination. He also stated that he did not learn of the 2013 restitution order until 2018.

The postconviction court considered Mr. Heare's motion both as a motion to correct illegal sentence under rule 3.800(a), which can be brought at any time, and as

a motion for postconviction relief under rule 3.850, which, subject to limited exceptions, can only be brought within two years of the judgment and sentence becoming final.  See Fla. R. Crim. P. 3.800(a), 3.850(b).  It concluded that Mr. Heare's allegations were not cognizable as a claim relating to an illegal sentence under rule 3.800(a).  Insofar as rule 3.850 is concerned, the postconviction court explained that the motion was filed outside the two-year limit and was facially insufficient because it failed to contain the oath required by rule 3.850(c).  And with respect to both rules, it determined that Mr. Heare's allegations were conclusively refuted by the record.  See Fla. R. Crim. P. 3.800(a) ("A court may at any time correct an illegal sentence imposed by it . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . ."); Fla. R. Crim. P. 3.850(f)(5) (providing for summary denial of a rule 3.850 motion that is conclusively refuted by the record); Hamilton v. State, 752 So. 2d 133, 134 (Fla. 2d DCA 2000) (affirming denial of a rule 3.800(a) motion in part because "the record attachments included by the trial court appear to refute the claim").  It therefore summarily denied the motion in its entirety without leave to amend.

Based on our independent review, we agree that the record attached to the postconviction court's order refutes Mr. Heare's allegations that S.N. was improperly identified as a victim to whom restitution was to be paid in the restitution order.  The record does not, however, refute his allegations that he did not receive notice of the restitution hearing and was not present at it.  That leaves us with two questions to resolve: (1) whether Mr. Heare's allegations concerning the restitution hearing are cognizable in a motion under rule 3.800(a) that can be brought at any time and (2) whether Mr. Heare's motion either alleges or may be amended to allege a facially sufficient, timely claim under rule 3.850.

- 3 -

The closest precedent from our court applicable to these questions is Donaldson v. State, 985 So. 2d 63 (Fla. 2d DCA 2008). In that case, after pleading guilty to a count of aggravated battery, the defendant was sentenced to prison time and ordered to pay restitution in an amount to be determined at a later hearing. Id. at 64. The defendant was not present at that later hearing, but the trial court nonetheless determined his restitution obligations without making a finding that the defendant had waived his right to be present. Id. The defendant then filed a rule 3.800(a) motion alleging that his absence from the restitution hearing rendered his sentence illegal, which the postconviction court denied. Id.

On appeal, we affirmed the postconviction court's order to the extent it denied relief under rule 3.800(a) because the imposition of restitution in a defendant's absence "is not cognizable in a rule 3.800(a) motion." Id. As support for that holding, we quoted our decision in Judge v. State, 596 So. 2d 73, 77 (Fla. 2d DCA 1991), for the proposition that a motion to correct an illegal sentence under rule 3.800(a) "is not . . . designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process."[1] 985 So. 2d at 64.

Although the defendant could not obtain relief on his claim that he was absent from the restitution hearing under rule 3.800(a), we also held that such a claim "is properly considered in a motion filed under [rule] 3.850." Id. Under that rule, the

---

[1]That is because the term "illegal sentence" in rule 3.800(a) does not concern itself with errors in sentencing procedure and reaches only sentences "that no judge under the entire body of sentencing laws could possibly impose." Wright v. State, 911 So. 2d 81, 83 (Fla. 2005); see also Judge, 596 So. 2d at 77 ("Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law.").

defendant's claim was both sufficiently pleaded and timely.  Id.  In view of concessions by the State that Mr. Donaldson was not present and that the trial court did not inquire as to whether Mr. Donaldson had waived his right to be present, we reversed the order and remanded for a new restitution hearing.  Id. at 64-65.

To the extent Mr. Heare's claim is based on his absence from the restitution hearing, Donaldson is controlling as to the availability of relief on that claim under rule 3.800(a): relief is not available under that rule.  Further, although Donaldson did not involve an allegation like Mr. Heare's in this case that the defendant was not provided notice of the restitution hearing, that error is so analogous to the procedural error in Donaldson that we must conclude that it too is not cognizable in a rule 3.800(a) motion.  See also Graham v. State, 160 So. 3d 108, 109 (Fla. 4th DCA 2015) (holding that a defendant's claim that he "was denied due process when the court ordered restitution without holding a separate restitution hearing and by failing to determine that he has the ability to pay" was not cognizable in a rule 3.800(a) motion as an illegal sentence).  Accordingly, we affirm the postconviction court's order to the extent it summarily denied relief under rule 3.800(a).[2]

---

[2]Our decision in Donaldson and our application of that decision to this case may at first blush appear to be in tension with our decision in Strayer v. State, 676 So. 2d 77 (Fla. 2d DCA 1996), but upon analysis, they are not.  In Strayer, we issued a two-paragraph opinion reversing the summary denial of a rule 3.800(a) motion alleging both that an order of restitution was illegal because it was imposed more than sixty days after sentencing and that the defendant did not receive notice of and an opportunity to defend at the restitution hearing.  Our opinion did not address whether either allegation was legally cognizable under rule 3.800(a) under the law that rule 3.800(a) does not function to provide relief for procedural errors in sentencing.  The precedents our opinion cited make clear that our concern was that a trial court loses jurisdiction to determine restitution if it fails to enter an order of restitution at the time of sentencing or within sixty days thereafter (although it may determine the amount of restitution later so long as the order itself is timely).  Id. at 77 (citing State v. Sanderson, 625 So. 2d 471 (Fla. 1993); State v. Hiscox, 677 So. 2d 862 (Fla. 2d DCA 1996)); see also Butler v.

We therefore consider Mr. Heare's allegations under rule 3.850. We agree with the postconviction court that his motion fails to provide an oath attesting that Mr. Heare's allegations are true and correct as required by rule 3.850(c). We part ways with the postconviction court, however, on the subject of an exception to the two-year limit for bringing a rule 3.850 motion.

Rule 3.850(b)(1) provides an exception to that time limit where "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence" and the motion is made within two years of the time the facts are discovered or could be discovered with due diligence. Although not facially sufficient under the rule—it does not state anything about what could have been done with the exercise of due diligence—Mr. Heare's allegation that he did not learn of the restitution order until April 2018 is plainly an attempt to put this exception in play. See, e.g., Blake v. State, 152 So. 3d 66, 68 (Fla. 2d DCA 2014) (requiring that one opportunity to amend be given when a postconviction motion is insufficiently pleaded in regard to its timeliness on a claim of newly discovered evidence); Schultheis v. State, 125 So. 3d 932, 934 (Fla. 4th DCA 2013) (noting that the postconviction motion had attempted to invoke the time-limit exception by referencing rule 3.850(b)(1)).

---

State, 951 So. 2d 38, 39 (Fla. 2d DCA 2007) (interpreting Strayer to authorize consideration of an argument that trial court was without jurisdiction to enter a restitution order under rule 3.800(a)). Thus, we cannot reasonably read Strayer as holding that an allegation that a defendant did not receive notice and an opportunity to be heard at a restitution hearing, standing alone, is cognizable under rule 3.800(a). See Speedway SuperAmerica, LLC v. Tropic Enters. Inc., 966 So. 2d 1, 3 (Fla. 2d DCA 2007) ("[N]o decision is authority on any question not raised and considered, although it may be involved in the facts of the case." (alteration in original) (quoting State ex rel. Helseth v. Du Bose, 128 So. 4, 6 (Fla. 1930))).

There is nothing in the record attached to the postconviction court's order that conclusively refutes Mr. Heare's assertion that he only learned of the restitution order in 2018. The postconviction court did attach (1) portions of the record from the 2013 case and 2014 violation of probation proceeding that show that Mr. Heare was required to make restitution to the three victims identified and (2) a written request Mr. Heare made of the clerk of court in 2014 for information about his restitution obligations upon which the clerk made notes in a section titled "response." But none of these documents reflect that they were actually delivered to Mr. Heare or his counsel, as applicable, and nothing else in the postconviction record conclusively tells us anything about the circumstances concerning the 2013 restitution determination or Mr. Heare's discovery of that determination. Clearly, Mr. Heare began trying to find out what his restitution obligations were as early as 2014. That might signify either the beginning of diligent but unsuccessful attempts to learn the details of his restitution or, instead, that Mr. Heare could have learned the relevant facts and filed his claim much sooner. Our record is not clear on which of these possibilities is really true.

Mr. Heare's motion says he first learned of the restitution order in 2018. Whether Mr. Heare can amend his claim to allege that this is the soonest he could have learned the facts with the exercise of due diligence is an open question. But on the limited record before this court, the possibility is not foreclosed. Thus, although the record attached to the postconviction court's order gives us reason to be skeptical that Mr. Heare can allege and prove an exception to the two-year limit, we cannot say that the record conclusively refutes his ability to do so.

That being the case, we have in the final analysis a potential claim under rule 3.850 that has facial deficiencies (no oath and an inadequately pleaded exception

- 7 -

to the two-year limit) but that is not conclusively refuted by the record. Under settled law, Mr. Heare is entitled to an opportunity to amend his motion to remedy those deficiencies. See Fla. R. Crim. P. 3.850(f)(2); Spera v. State, 971 So. 2d 754, 755 (Fla. 2007); see also Piper v. State, 21 So. 3d 902, 903-04 (Fla. 2d DCA 2009) (reversing under Spera for leave to amend a postconviction claim that lacked a sufficient oath). Accordingly, we must reverse the postconviction court's order to that limited extent.

Because Mr. Heare has raised a claim that can be considered pursuant to rule 3.850 that implicates a possible exception to the two-year time limit for seeking that relief, we reverse the portion of the order summarily dismissing his claim under rule 3.850 that he did not receive notice of and was not present for the restitution hearing. We affirm in all other respects. We remand for the postconviction court to allow Mr. Heare an opportunity to amend his claim to make it facially sufficient and, thereafter, to evaluate that amended claim in accord with the provisions of rule 3.850.

Affirmed in part; reversed in part; remanded.

SILBERMAN and LUCAS, JJ., Concur.